FRANK N. RIECKE, Respondent, *v.* MARY L. WESTENHOFF ET AL., Appellants.

### May 31, 1881.

1. To overcome the *prima facie* case made on the certificate of acknowledgment of a married woman, the proof of its untruth, made eight years after the date of the deed, must be clear and convincing.

2. Where such a certificate conforms to the statute, a finding in favor of the validity of the deed will not be set aside, on appeal, merely because the testimony of the married woman and of the notary tends to contradict the statements in the certificate.

3. The owner of real estate may treat any person, on the land and refusing to leave on request, as a dissiesor, and may recover against him in ejectment, though he disclaims having possession, and is a son and member of the family of his co-defendant in ejectment.

APPEAL from the St. Louis Circuit Court, THAYER, J. *Affirmed.*

KEHR & TITTMANN, for the appellants : The judgment as to George Westenhoff is against the evidence and the admissions of the pleadings. The pleadings admit and the evidence shows that he was not in possession of the premises, but was living with his mother as a member of her

family. Being irregular as to one of the defendants, the judgment should be set aside as to both. — *Covington, etc., Ins. Co.* v. *Clover*, 36 Mo. 392. If the first three instructions given by the court lay down correct rules of law, then upon the undisputed facts established by the evidence, the verdict and judgment should have been for the defendants, and the motion for new trial, in which this point was distinctly made, should have been sustained. — *Wannell* v. *Kem*, 57 Mo. 482; *Bohan* v. *Casey*, 5 Mo. App. 107; *Sharpe* v. *McPike*, 62 Mo. 300; *Steffen* v. *Bauer*, 70 Mo. 397.

BROADHEAD, SLAYBACK & HAEUSSLER, with LEICESTER BABCOCK, for the respondent: In the absence of any evidence indicating fraud or collusion, a certificate duly made and conforming to the statute cannot be attacked in the hands of the grantee, by the unsupported testimony of a grantor. — *Biggers* v. *Building Co.*, 9 Mo. App. 210; *Sanborn* v. *McPherson*, 88 Ill. 152; *Russell* v. *Baptist Union*, 73 Ill. 344; *Lickman* v. *Harding*, 65 Ill. 505; *Loudon* v. *Blythe*, 27 Pa. St. 25.

BAKEWELL, J., delivered the opinion of the court.

This is ejectment for premises in the city of St. Louis. The answer, besides a general denial, sets up specially that defendant Mary is the widow of Caspar Westenhoff, who, on June 1, 1872, owned the premises, in fee; that he was the head of a family, and, up to his death, occupied the premises as a homestead; that plaintiff's only claim to the title is through a deed of trust purporting to be by said Caspar and defendant his wife, dated June 1, 1872; that defendant Mary was not made acquainted with the contents of the deed by the notary who took the acknowledgment; that she was not examined separate and apart from her husband, nor asked whether she voluntarily executed the deed; that the acknowledgment is therefore void, and that she rightfully occupies the premises; and that her son, de-

fendant George, lives with her as a member of her family. The replication denied the new matter. The cause was tried by a special jury. The verdict and judgment were for plaintiff.

The testimony showed that the deed of trust was taken in good faith by plaintiff as security for an indebtedness of Westenhoff to him. After Westenhoff died, the note being unpaid, the deed of trust was regularly foreclosed, and plaintiff became the purchaser at the sale. The certificate of the acknowledgment to the deed of trust is in the form required by the statute.

Mrs. Westenhoff testified that her husband told her that he had to give a note for $2,000 and a deed of trust to Riecke; that he wanted her to sign it; and that she went down to Babcock's office and did so. Luther Babcock, who took the acknowledgment, was there; she did not know him. Babcock was in a hurry, and told her husband to sign; which he did. Babcock then told her to sign; she could not write; he made her mark, she touching the pen. He said: "You do this with your good will?" She said: "Yes." He asked her whether her husband had told her all about it; and she said he had. The notary stood, at the time, between the woman and her husband, at the desk. Her husband could hear what was said. No one had told her what was in the paper. She knew her husband owed the money to Riecke, and had given him the $2,000 note for carpenter work and for a lot they had bought. She took it that the deed of trust was to show that her husband owed Riecke so much; but did not understand she was signing away her home. She did not understand that if Riecke should call in the money, and her husband could not pay it, Riecke could sell the property, and put her out. This witness also said that the notary might perhaps have "slightly" read the deed to her. She could not be sure whether he did or not. She explained that by "slightly" she meant "hastily."

The notary testified that Mrs. Westenhoff said that she knew what was in the deed, and signed it freely. His testimony was given eight years after the date of the acknowledgment. He had never seen Mrs. Westenhoff before. He remembered asking the parties to·sign, and making her mark. Thinks her husband was in the room; don't know that he was at the desk. The witness asked her if she understood what she was signing. Her husband might have been twenty feet away at the time. Whilst he was taking the acknowledgments each party could hear what the other said. This is the substance of the testimony as to what passed before the notary.

The court instructed the jury that the deed of trust and trustee's deed vest title and right of possession in plaintiff, unless they are satisfied from the evidence that the certificate of acknowledgment is untrue and defective in the manner hereafter stated. No acknowledgment to a deed to which a married woman is a party, conveying land in this State, can be taken unless she shall be first made acquainted with the contents of the deed and shall acknowledge, on examination separate and apart from her husband, that she executes the same freely, and without compulsion or undue influence of her husband. "If the jury find from the evidence that defendant Mary was not made acquainted by the notary with the contents of the deed of trust, or that such examination, if any, as he made concerning her voluntary execution of the deed, was made in presence of her husband, or that she was not asked by the notary, at the time when her husband was not present, whether she executed the deed voluntarily and without compulsion or undue influence on his part, then, in either of the cases supposed, the acknowledgment of the defendant Mary L. Westenhoff is not according to law, and the deed read in evidence by the plaintiff does not convey her interest in the property in controversy, and the jury will find the issue herein for the defendant Mary L. Westenhoff.

" The certificate of acknowledgment to the deed of trust read in evidence, is on its face good and sufficient, and the matters therein certified to by the officer as having been done by him, are presumed to have occurred, and the burden is on the defendant to satisfy you that the certificate is false in some one of the respects stated in the last instruction, and that the notary did not in fact perform the acts which in his certificate he says he performed. If defendant has failed to satisfy you that the certificate to the deed is false, your verdict should be for the plaintiff.

" It was the duty of the notary, when Mrs. Westenhoff came before him, to satisfy himself that she understood its contents, before granting the certificate.

" It was not absolutely necessary that he should have read the deed to her, but he should have done so unless satisfied from her statements to him that she understood the instrument, and the effect of her act in signing the same.

" If the notary in this case was satisfied from Mrs. Westenhoff's statements to him relative to the deed of trust, that she fully understood the instrument, and the effect of her act, then he might lawfully certify as he has done, that the contents of the instrument were made known to her.

" The court instructs the jury that the words ' separate and apart from her husband,' as used in the instructions, do not mean that the husband must have been in another room, or outside of the room in which the acknowledgment was taken.

" If the husband at the time was out of the hearing of the question propounded to the wife, so that what occurred between the notary and the wife, occurred privately between them, and not in the presence of the husband or within his hearing, then the acknowledgment was separate and apart from the husband."

1. The instructions put the question of the sufficiency of the acknowledgment fairly to the jury ; and the verdict having been for plaintiff, it ought not to be disturbed.

In Pennsylvania, the certificate is conclusive in favor of a grantee who has accepted the deed and paid money in good faith. *Louden* v. *Blythe*, 27 Pa. St. 22. If, in Missouri, the certificate can be impeached in such a case, at any rate, very clear and satisfactory proof is required to impeach it. Any other rule would have a most disastrous effect upon titles to real estate.

In this case, the jury were not bound to take the testimony of the woman and the notary as outweighing the certificate. The evidence of the notary could not have much weight to overthrow his certificate. He spoke from recollection of what had passed eight years before. He had solemnly certified, under the obligations of his official oath, that he had examined the woman separate and apart from her husband; that she was known to him; and that he had first made the contents of the instrument fully known to her. The jury had a right to believe his certificate where it contradicted his statements. They had a legal right to believe his certificate where it contradicted the statements of Mrs. Westenhoff. Mrs. Westenhoff would not swear that the notary did not read the deed to her. He was not bound to explain its legal effect. The notary would not swear that the husband was not twenty feet off when he took the acknowledgment. Had the jury found for defendant, the verdict, perhaps, ought to have been allowed to stand: they found for plaintiff; and it must be admitted that the certificate was, at least, some evidence of the facts stated in it. Appellant's brief speaks of undisputed facts. But the facts are disputed. At the best it is the woman and the notary against the certificate. It is not to be wondered at if a jury will refuse to believe statements of a sworn officer tending to contradict his former official certificate, on the faith of which innocent parties have acquired property rights.

2. Appellants contend that the replication admits, and that the evidence shows, that defendant George Westenhoff

was not in possession of the premises, but was living with his mother as a member of her family. The replication does not admit this. It was not necessary to traverse this allegation of the answer. The testimony of Mrs. Westenhoff was, that her son George, a young man, not shown to have been a minor, was living with her as a member of her family. But he was living there, and thus interfering with the possession of the land, in derogation of plaintiff's rights, who might treat him as a disseisor if he chose. The owner may, at his election, treat any person as a disseisor who is found upon the land, and who refuses or neglects to leave it upon his request, even though he disclaims having any possession. *Brigham* v. *Welch*, 6 Greenl. 376. The owner of the lands may elect to consider himself as ousted by one who is in as a mere domestic servant of a third person, and who is a mere trespasser; and the owner is entitled to recover in ejectment against him, the master being still in possession. *Doe* v. *Stradling*, 2 Starkie, 187.

The judgment is affirmed. All the judges concur.