JOHN F. COSTELO *vs.* HORACE S. CROWELL, administrator.

Suffolk.   Jan. 21, 22. — June 29, 1885.   FIELD, DEVENS, & COLBURN, JJ., absent.

The finding of the judge presiding at a trial, that a writing offered as a standard of comparison is the genuine handwriting of the person sought to be charged, will not be revised on exceptions, unless founded upon error of law, or upon evidence which is, as matter of law, insufficient to justify the finding.

In an action upon a promissory note alleged to be signed by C., the defence was that the note was forged. Certain papers purporting to be signed by C., including several conveyances of real estate, a discharge of a mortgage, and a building contract, were offered in evidence by the plaintiff as standards of comparison. An attorney at law, whose name appeared as an attesting witness on each, testified, that he was acting as C.'s attorney at the time these papers were drawn, and had acted as such for several years previously; that the body of all the papers was in the witness's handwriting, and they passed through his office in the usual course of business; that he witnessed the several signatures of C. upon the papers; and that he did not remember seeing C. sign the papers, but knew that he either saw C. write his name on them all, or that he acknowledged the signatures to be his before the witness attested them. *Held*, that the papers offered were properly admitted in evidence.

Upon the issue whether a promissory note, in an action thereon, has been forged, evidence is inadmissible to show that the plaintiff has committed similar forgeries, or that he has the capacity, skill, and appliances which would enable him to forge the note.

In an action upon a promissory note signed by the defendant's intestate, the defendant cannot put in evidence entries, relating to the note and showing payment thereof, made by the intestate, not in an account-book, but in a diary kept by him, and containing daily entries made in his handwriting.

CONTRACT on a promissory note for $3000, dated July 31, 1868, purporting to be signed by Thomas Corey, the defendant's intestate, payable five years after date to the order of the plaintiff. On the margin of the face of the note were these words: "Given as collateral security with agreement." Writ dated August 10, 1877. The action was originally brought by Amelia

H. Costelo; and the plaintiff was allowed to substitute, in place of herself as party plaintiff, the present plaintiff, for her benefit. See 134 Mass. 280.

Trial in the Superior Court, before *Bacon*, J., who allowed a bill of exceptions, in substance as follows:

The defendant contended that the note produced by the plaintiff was not the note of Thomas Corey, but was forged by the plaintiff, or by his procurement, and that the original note given with the agreement had been paid, and surrendered to Thomas Corey, and that the contract embodied in said note and agreement had been settled and discharged by said Corey in his lifetime.

Certain papers purporting to be signed by Thomas Corey were offered by the plaintiff as standards of comparison. As to each of these, S. N. Aldrich, an attorney at law, whose name appeared as an attesting witness on each, called by the plaintiff, testified as follows: "I knew Thomas Corey. I was acting as his attorney at the time these papers were drawn. I had been his attorney for some years previous. The body of all these papers is in my handwriting, and they passed through my office in the usual course of business. I witnessed the several signatures of Thomas Corey upon these papers. I do not remember seeing Corey sign these papers, but know that I either saw Corey write his name on them all, or that he acknowledged the signature to be his before I attested them." Three of these papers were conveyances of real estate, and one a discharge of a mortgage. These were under seal, and were acknowledged by Corey before said Aldrich as a justice of the peace. The other paper was a building contract between Corey and one Kirby, and was signed by both parties to the contract, but not acknowledged. To the admission of these papers as standards the defendant objected; but his objection was overruled, and they were admitted.

The defendant introduced evidence of experts, and of persons familiar with the writing of Corey, tending to show that the note in suit was not filled out or signed by Corey. Upon the question whether the note was forged by the plaintiff, the defendant offered one Wanton A. Weaver as a witness, who was asked the following questions: "Do you know anything about

his (Costelo's) making, by tracing, promissory notes, or notes in imitation of genuine notes?" "Did he between the years 1872 and 1875 tell you anything about making imitations of notes by tracing?" "Did he show you how, by means of a lamp and the use of a table, he made, by tracing, imitations of people's signatures, during the same time?"

All these questions were objected to by the plaintiff (not on account of form), and were excluded. The defendant disclaimed any intention of proving a distinct or substantive offence upon the issue of genuineness.

The defendant produced from the custody of the administrator a small diary of Corey's, which he offered to show, by the administrator, contained daily entries made in the handwriting of Corey, by which he proposed to show certain entries made by Corey relating to said note and showing payment thereof by Corey. The defendant admitted that this was not Corey's account-book or book of daily charges, and there was no evidence, except from the dates of the entries themselves, that they were made at the time they purported to be made; but the defendant contended that it was admissible as a memorandum in the handwriting of Corey, made at the time it purported to be made. Said entries were excluded.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*J. G. Abbott & R. D. Smith*, for the defendant.

*H. E. Swasey & G. R. Swasey*, for the plaintiff.

MORTON, C. J. 1. When any writing is offered as a standard of comparison, it is for the presiding judge to determine whether it is shown by clear testimony that it is the genuine handwriting of the party sought to be charged. Unless his finding is founded upon error of law, or upon evidence which is, as matter of law, insufficient to justify the finding, this court will not revise it upon exceptions. *Commonwealth* v. *Coe*, 115 Mass. 481. *Costello* v. *Crowell*, 133 Mass. 352.

We are of opinion that the evidence in this case was sufficient to prove the genuineness of the signatures of the defendant which were offered as standards; and that the presiding justice might properly admit them as standards.

2. The defendant asked a witness whether he knew anything about the plaintiff making imitations of notes by tracing, whether the plaintiff had told him anything about making such imitations, and whether the plaintiff had shown him how he could make such imitations by means of a lamp and a table. The defendant disclaimed any intention of proving a distinct offence, but offered the evidence as showing that the plaintiff had the capacity, skill, and appliances which would enable him to forge the note in suit.

We are of opinion that the court rightly rejected this evidence.

In cases where a person is accused of a crime, it is not competent to show, as evidence of the *corpus delicti*, that he has committed similar offences, or that he is of bad character, or that he has the capacity and the means of committing the crime. The argument in favor of admitting such evidence is plausible. It might aid the jury if they could know the character of the defendant, — whether he is a man morally and physically able and likely to commit the offence; but the law excludes such evidence upon grounds of public policy, to prevent the multiplication of issues in a case, and to protect a party from the injustice of being called upon, without notice, to explain the acts of his life not shown to be connected with the offence with which he is charged.

If the fact that a defendant has committed a similar crime is not admissible, it is difficult to see how less pregnant evidence that he has the disposition or the capacity and means to commit it can be competent. There are many cases where the fact that a defendant has the means of committing a crime has been admitted in evidence against him; but it will be found that, in such cases, the evidence is not admitted as proof of the *corpus delicti*, but for the purpose of showing a guilty intent or knowledge on the part of the defendant, or of identifying him as the person who committed the offence. For instance, if a man is charged with passing counterfeit money, the fact that counterfeit money is found in his possession, or that he has passed it, is competent to show his guilty knowledge, and perhaps to identify him as the person who passed the counterfeit money which, by other evidence, is shown to have been passed. *Commonwealth* v.

*Stone*, 4 Met. 43. *Commonwealth* v. *Bigelow*, 8 Met. 235. But, unless the fact of passing the money is shown by independent evidence, the possession by him of any amount of such money would not be competent to prove the *corpus delicti*, that counterfeit money has been passed.

So, if it be shown by proof that a burglary has been committed, the possession by the defendant of burglarious tools is admissible to identify him as the burglar, but the possession of such tools is not competent to show that a burglary has been committed.

In the case at bar, the question whether the plaintiff forged the note in suit is not in issue. The sole issue is whether the note was forged; if it was, it is immaterial by whom it was forged. The evidence was offered to prove the forgery, the *corpus delicti;* and for this purpose we think that it was inadmissible. To hold otherwise would, we think, be inconsistent with the strong current of authorities. *Hollingham* v. *Head*, 4 C. B. (N. S.) 388. *Griffits* v. *Payne*, 11 A. & E. 131. *People* v. *Corbin*, 56 N. Y. 363. *State* v. *Hopkins*, 50 Vt. 316. *Dodge* v. *Haskell*, 69 Maine, 429. *Commonwealth* v. *Jackson*, 132 Mass. 16.

3. The court rightly excluded the entries made by Corey during his lifetime in the diary kept by him. This was not an account-book, but a mere memorandum-book, and has no weight beyond any memorandum in writing made by him. The case of *Watts* v. *Howard*, 7 Met. 478, is decisive against its competency.          *Exceptions overruled.*