ELLIOTT et al., Appellants, v. SHEPPARD et al.

Division Two, February 1, 1904.

1. **Evidence**: DIARY: INADMISSIBLE. A diary kept by the grantor of a deed, which shows that he was in another State on the day the deed purports to have been made, with no showing that it was made on the day and at the place it purports to have been, is not admissible in evidence for the purpose of showing he did not execute the deed. It is a mere self-serving statement by the grantor, and a statement made in that way is of no more force or effect than his oral statement of the same facts to a third person would be.

2. ———: DEED: PRIMA FACIE VALID. A deed with a certificate of acknowledgment, both regular on their face, purporting to have been executed twenty-seven years previously, and recorded within one year after execution, is prima facie true and genuine, and the burden is on those disputing its validity to show, by clear and satisfactory evidence, that it was forged. The unsupported testimony of the grantor is not sufficient.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*J. W. Chilton* and *John C. Brown* for appellants.

(1) When the evidence on issues at law is documentary, or contained in depositions, and there is no conflict in regard thereto, and nothing in the surrounding circumstances discrediting the testimony of depon-

ents, a finding in opposition to it will be reviewed on appeal.    Efron v. Car Co., 59 Mo. App. 641; Bank v. Lawson, 87 Mo. App. 42.    (2)    This verdict ought to be reversed and set aside, because it is manifestly against the law and the evidence.    Ackley v. Stachlaw, 56 Mo. 558; Doering v. Saum, 56 Mo. 479; Powell v. Railroad, 76 Mo. 80; Lenix v. Railroad, 76 Mo. 86; Hewitt v. Dougherty, 25 Mo. App. 326; Kingsbury v. Joseph, 94 Mo. App. 298; State ex rel. v. Elliott, 157 Mo. 609; Hewitt v. Steele, 136 Mo. 327; Avery v. Fitzgerald, 94 Mo. 207; Landis v. Hamilton, 77 Mo. 554.    (3)    The verdict in this case is the result of passion or prejudice, or the instructions given by the court were wholly disregarded. Friesz v. Fallon, 24 Mo. App. 439; Weaver v. Railroad, 60 Mo. App. 210; Borgraefe v. Knights of Honor, 22 Mo. App. 127; Spohn v. Railroad, 87 Mo. 74; Morgan v. Durfee, 69 Mo. 476; Rowan v. Trading Co., 87 Mo. App. 186; Plow Co. v. Sullivan, 158 Mo. 440; Gage v. Tranich, 94 Mo. App. 307; Baker v. Stonebrakers' Admrs., 36 Mo. 345.    (4)  Or else the evidence was wholly disregarded.    This court will reverse where it appears the jury wholly disregarded the evidence.    Rowan v. Trading Co., supra.

*O. L. Haydon, W. Palmer Clarkston* and *Orchard & Livesay* for respondents.

(1)    The only evidence appellant has as to the forgery is a diary of the deceased, Vincent Hamilton, which at best is merely hearsay evidence and is not admissible for any purpose and could only be used to refresh the memory of a witness. It is not admissible as documentary evidence. (2) The deed which appellant undertakes to overthrow is regular on its face, regularly acknowledged, and was of record in the proper county for more than twenty-seven years.    The testimony must be clear and must be corroborated even if the party was living and should testify he did not sign the deed; his

evidence must be corroborated in order to overcome the certificate of the acknowledgment taken and certified in regular form by the officer. 1 Cyc. Law and Proc., pp. 622, 623, 624, 625; Biggers v. House Building Company, 9 Mo. App. 210. (3) Presumptions are in favor of the regularity of the acts of the public officers, and this rule applies in this case to officers taking acknowledgment of deeds. Addis v. Graham, 88 Mo. 197. (4) A deed regular on its face, duly signed, and a certificate of acknowledgment to a deed signed by the proper officer and attested by his seal of office is prima facie true, and the evidence to overthrow it must be clear and satisfactory. Webb v. Webb, 87 Mo. 540; Brooking v. Stratt, 17 Mo. App. 296; Pay v. Crouch, 10 Mo. App. 321.

FOX, J.—"This is an action to settle and determine the title to the east half of section 27, township 29, range 1, west, in Shannon county, Missouri, under an act of the Legislature, approved March 15, 1897, now section 650 of Revised Statutes 1899. This case was returnable to the March, 1901, term of the circuit court of said Shannon county."

That we may fully comprehend the issues in this cause, we here insert the petition and answer, as follows:

"Plaintiffs state that defendants are non-residents of the State of Missouri, so that the ordinary process of law can not be served upon them. For cause of action plaintiffs state that they own and claim to have the title in fee simple to the following described real estate in the county of Shannon and State of Missouri: The east half of section twenty-seven, township twenty-nine, range 1 west, containing 320 acres more or less; and that the defendants claim some title, estate or interest in said real estate adverse to the estate of the plaintiffs therein. Whereupon plaintiffs pray the court to try, ascertain and determine the interests of plaintiffs and defendants,

respectively, to the real estate hereinbefore described, and by its decree to adjudge, settle and define whatever interest the several parties, plaintiffs and defendants, may have in and to the said real estate.''

The defendants' answer is as follows:

''Now come defendants, and for answer to plaintiffs' petition admit that they claim to own in fee all the real estate described in plaintiffs' petition. Defendants for further answer to plaintiffs' petition deny each and every allegation therein contained and not above admitted.''

The appellants claim title as heirs at law of Vincent Hamilton, deceased, and the respondents claim title through a general warranty deed, executed by Vincent Hamilton, conveying the lands to M. A. Sheppard, dated the 12th day of January, 1873, and acknowledged before S. Ray, notary public, St. Louis county, Missouri, on the same day, and by and through a sheriff's deed under a suit and judgment for back taxes, wherein the State of Missouri, at the relation of F. M. Chilton, collector of the revenue of Shannon county, Missouri, was plaintiff, and M. A. Sheppard was defendant, which said judgment was rendered in the circuit court of Shannon county, Missouri, at the November term, 1880, for the taxes of 1878, amounting to $15.45, and costs of the suit, upon which judgment execution was issued and the land sold thereunder at the May term, 1881 of said court. That at said sale Logan D. Dameron became the purchaser thereof on the 5th day of May, 1881, and received a sheriff's deed therefor in regular form, which was duly recorded May 6, 1881, in deed record book ''R'' at page 369, and defendants, Lillie M. Clarke, Henry Wagner, Joshua Manwarring, Elijah Bartlett and Andrew J. Tomlinson, claim title through mesne conveyances from Logan D. Dameron to them, and it was admitted on the trial, as shown by the record, that defendants aforesaid had acquired all the title which Dameron as-

quired by sheriff's deed conveying the interest of Sheppard.

The controversy is over the warranty deed from Vincent Hamilton to M. A. Sheppard, dated the 12th day of January, 1873, recorded in deed record book "J" at page 625. Said deed is as follows:

"This indenture, made on the twelfth day of January, A. D. one thousand eight hundred and seventy-three, by and between Vincent Hamilton, of Paducah, Kentucky, party of the first part, and M. A. Sheppard, of the county of St. Clair, in the State of Illinois, party of the second part. Witnesseth, That the said party of the first part in consideration of the sum of five hundred dollars to him paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm unto the said party of the second part, his heirs and assigns, the following described lots, tracts or parcels of land, lying, being and situate in the county of Shannon, and State of Missouri, to-wit: the east half of section twenty-seven, township twenty-nine, north, of range one west, containing three hundred and twenty acres, more or less, according to the United States survey. To have and to hold the premises aforesaid, with all and singular the rights, privileges and appurtenances, immunities and improvements thereto belonging or in anywise appertaining, unto the said party of the second part and unto his heirs and assigns forever, the said Vincent Hamilton hereby covenanting that himself and his heirs will warrant and defend the title to the said premises, unto the said party of the second part and to his heirs and assigns forever against the lawful claims and demands of all persons whomsoever. In witness whereof, the said party of the first part has hereunto set his hand and seal, the day and year first above written.

"Signed, sealed and delivered in presence of M. K. Cone.

"VINCENT HAMILTON. [Seal]."

This deed was acknowledged before S. Ray, a notary public, in the city of St. Louis, on January 12, 1873, and filed for record and duly recorded on January 2, 1874.

Appellants claim that this deed from Hamilton to Sheppard was a forgery. This was the vital controverted question in the trial of this cause.

Plaintiffs, to sustain their position and show that the deed was a forgery, introduced the following evidence, all of which was over the objection of defendants:

Deposition of Laura E. Griffith, who testified that she was a daughter of Vincent Hamilton, deceased:

1st. That he died in the year 1878 and was buried in Bracken county, Kentucky, and as to the heirs he left surviving him, who are the plaintiffs in this case.

2d. That all his deeds, tax receipts (excepting receipts for the years 1870 and 1871), and title papers relating to the lands which he owned in Missouri, were accidentally destroyed by fire, so that the witness can not procure them.

3d. That the said Vincent Hamilton resided in Bracken county, State of Kentucky, all his life and that he never lived in St. Louis or any other point in Missouri, and to the best of affiant's knowledge, was not in Missouri in January, 1873, and that he talked freely in his family about his business affairs. That witness knew that he owned land in Missouri, but never heard him mention having sold it.

4th. That he kept a diary many years, and during the year 1873 of his daily life, beginning with January 1st and ending December 31, 1873, and that said diary is filed herein and marked Exhibit "A," and she is very positive that the handwriting therein is that of Vincent Hamilton, and it is made a part of the deponent's testimony.

The diary referred to by Laura E. Griffith was then introduced over objection of defendants and the following extracts read therefrom, towit:

Entries under date January 12th, 1873:

"In Sunday, January 12th, 1873.

"Warm and thawing the ice and snow. Mrs. Langarie Lozie Emrick and hired man in buggy and Enrick G. Riley and self go to Jacksonburg, four miles to church and Sabbath school. Br. Riley preach a good sermon, address the Sabbath School. Took dinner among the friends in town, back to Br. Emrick to supper. Preaching at night by Emrick in West Middleton at night. A Jener good time day and sleep with clean conscious.

"Emrick children.

"1 sone Simon married and settled 10,000.

"1 daughter married possession 10,000.

"Caty single 35 years old full of business. Lizzie 28 full of music plays on piano and organ and sings."

D. C. Reed, introduced, testified substantially as follows:

"Mr. Hamilton was at his place, stayed three days in either 1869 or 1870. Mr. Hamilton sent him money in 1871 to pay taxes. He identifies letter which he wrote Mr. Hamilton the 24th of November, 1876, acknowledging receipt of money and mailing to Hamilton tax receipts for taxes of 1876 for $21.32, balance $3.68, check $25. The letter shows it was for lands in section twenty-seven, township twenty-nine, range one, but does not show whether it was the land in question and he says he does not know whether it was the land or not."

"Defendants introduced record of warranty deed, purporting to have been executed by Vincent Hamilton, of Paducah, Kentucky, to M. A. Sheppard, of St. Clair county, Illinois, dated January 12, 1873, acknowledged January 12, 1873, before S. Ray, notary public, St. Louis, Missouri, conveying the land in controversy. Defendants then introduced sheriff's deed dated May 6,

1881, for taxes, conveying the interest of M. A. Sheppard, in said land, to L. D. Dameron. Plaintiffs admit that defendants have whatever title L. D. Dameron obtained by said tax deed.''

Thereupon the court gave the following instructions:

''The court instructs the jury that the record of patent read in evidence vested in Vincent Hamilton the title to land in controversy, and if you believe and find from the evidence that the plaintiffs are the legal heirs of said Vincent Hamilton, mentioned in said patent your verdict will be for the plaintiffs, unless you further find that said Vincent Hamilton sold and conveyed the said land in controversy to one M. A. Sheppard on January 12, 1873.

''The court instructs the jury that the record of the deed as introduced in evidence purporting to be from Vincent Hamilton (the patentee) to M. A. Sheppard, is prima facie evidence of its validity and that it devolves upon the plaintiffs to prove by a preponderance of the testimony that said deed was not executed by the said Vincent Hamilton; and unless you find from such preponderance of the testimony that said deed from Hamilton to Sheppard is fraudulent, you should find the issues for defendants. Preponderance, as herein used, means the greater weight of the evidence.''

The cause was submitted to the jury upon the evidence introduced and the instructions given, and they returned a verdict for the defendants. Judgment was rendered in behalf of defendants upon the verdict returned. Motion for new trial, in due time and form, was filed, and by the court overruled, and this cause is now before us for review, upon appeal.

OPINION.

There is but one question involved in this cause and that is, was the verdict of the jury so manifestly con-

trary to all the evidence in the case as would warrant this court in reversing the judgment for that reason?

The contention of appellants is that the deed from Hamilton to Sheppard, conveying the land in controversy, was a forgery. The record discloses that the evidence relied upon to establish the forgery of this deed is the notes made in the diary offered in evidence purporting to have been made by Vincent Hamilton, together with the testimony as contained in the deposition of Laura E. Griffith and the evidence of D. C. Reed.

We have searched in vain for the rules of evidence which render admissible the statements as contained in the diary of Vincent Hamilton. Suppose he had made the statements to a third party, and this third party was offered as a witness to prove his statement, would it be contended seriously that this testimony would be competent? This diary does not belong to that class of documentary evidence which is admissible. It is not in the nature of a book account, which, upon showing that it was correctly kept, would render it admissible. It is merely a statement purporting to be made by Hamilton, and is of no more force or effect than if he had made such statements to some witness the day before he died. Again, it is inadmissible, because it falls within that class of testimony denominated self-serving statements.

These plaintiffs are claiming through their ancestor, Vincent Hamilton. Mere declarations of the ancestor, under whom plaintiffs claim, in his own interest, are not admissible. If Vincent Hamilton had stated in this diary, that the deed offered in evidence by the defendants was a forgery, it certainly would not be contended that it was competent. There is an entire absence of any foundation for the admission of this diary. No one identifies it, no one pretends to say that it was written at the place and on the day it purports to be written. Titles to real estate would rest upon extremely weak foundations, if the precedent is to be made that the party who executes a deed may make a statement in a memo-

randum book which would destroy its validity, and after the death of the grantor this book is to be sanctioned by the courts as evidence of what it recites. This certainly can not be the law.

It may be that the deed is a forgery and that Vincent Hamilton was at the place, at the time, as designated in the diary; but it would be a very unsafe and dangerous rule to hold that the statements made in the diary are to be taken as evidence establishing the fact recited in the statements, in the absence of any showing that the book was at the place it purports to have been, at the time the statements were written in it.

It may be said that the register of a hotel may be introduced as evidence to show the presence at the hotel of a certain person there on a certain day. This may be true; but before this can be done, the proper foundation must be laid. It must be shown that the register was at the hotel on that day and that the handwriting was that of the person registered.

That it is not this case. It is true a witness, Laura E. Griffith, does say that he kept a diary many years and during the year 1873; but she does not pretend to identify the diary introduced in evidence as being in the possession of Vincent Hamilton at the place on the day the statements are purported to have been written. This testimony was clearly inadmissible.

This leaves the question of forgery of the deed resting alone upon the deposition of Laura E. Griffith and the evidence of D. C. Reed. We have quoted from the record substantially the testimony of these two witnesses.

That their testimony is insufficient to establish the forgery of this deed is too plain for discussion.

The deed and certificate of acknowledgment in this cause by the defendants was regular upon its face, purports to have been executed twenty-seven years before it was assailed in this action. This being true, the instrument was prima facie true and genuine and the bur-

den of establishing its forgery rested upon the appellants.

This court, in a number of cases, has spoken in no uncertain terms as to the nature and character of the testimony which will warrant the overthrow of the force and effect of a deed, duly acknowledged, all of which appears regular upon its face. The expressions of this court as well as the other appellate courts are uniform — that to warrant the finding that such deed and certificate of acknowledgment is untrue, the evidence must be clear and satisfactory. [Barrett v. Davis, 104 Mo. 549; Webb v. Webb, 87 Mo. 540; Riecke v. Westerhoff, 10 Mo. App. 358; Morrison v. McKee, 11 Mo. App. 594; Brocking v. Straat, 17 Mo. App. 296.]

The principle announced in Bohan v. Casey, 5 Mo. App. 111, is equally applicable to this case. It was said in that case, in substance: That there should be concurring circumstances in addition to the testimony of the grantor, supporting his statements, in the absence of such circumstances, and of any evidence indicating fraud or collusion, a certificate duly made and conforming to the statute can not be attacked in the hands of the grantee by the unsupported testimony of a grantor. [McPherson v. Sanborn, 88 Ill. 152; Russell v. Baptist Union, 73 Ill. 337; Lickmon v. Harding, 65 Ill. 505; Louden v. Blythe, 27 Pa. St. 25.] A less stringent rule than this would be inconsistent with that security which is essential in cases of title to real estate.

If competent evidence is still to guide the courts in the rendition of judgments, there was no error in the trial of this case, which operates prejudicial to the rights of the appellants, and the judgment should be affirmed. It is so ordered. All concur.