[No. 9849.   Department Two.   October 27, 1911.]

ETHEL RONALD, *Respondent* v. PACIFIC TRACTION COMPANY
                  *et al.*, *Appellants*.[1]

APPEAL—REVIEW—VERDICT. A verdict supported by conflicting
evidence will not be disturbed on appeal.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for
$7,500 for injuries sustained by a young woman in good health,
engaged as a domestic servant and earning four dollars a week, will
not be set aside as excessive, where she received a wound at the
base of the skull which rendered her unconscious for twenty hours,
confined her to her room for six weeks, and resulted in weakened
eyesight, impairment of hearing, constant headaches, shattered
nerves, and traumatic neurasthenia which may be permanent.

DISMISSAL AND NONSUIT—AFTER VERDICT — EFFECT — JOINT TORT
FEASORS—JUDGMENT—ENTRY. Where a judgment was not imme-
diately entered by the clerk in conformity to a verdict against joint
tort feasors, as required by Rem. & Bal. Code, § 431, plaintiff's *nolle
prosequi* as to one of the defendants, pending a motion for a new
trial, does not operate as a satisfaction of judgment and release as
to all the other joint tort feasors, no judgment having actually been
entered until the motion for a new trial was passed upon.

EVIDENCE—JUDICIAL NOTICE. The supreme court will take judi-
cial notice that judgment is not always entered immediately on re-
ceiving a verdict, where motion for new trial is made.

DISMISSAL AND NONSUIT—JOINT TORT FEASORS—EFFECT. Prior to
judgment, the plaintiff may elect to dismiss one of several joint tort
feasors without releasing the others.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE.
A new trial should not be granted for newly discovered evidence as
to the place of an accident, where the same was only cumulative.

APPEAL—HARMLESS ERROR—INSTRUCTIONS. The refusal of requests
for instructions is not error where they were covered by the general
charge.

Appeal from a judgment of the superior court for Pierce
county, Card, J., entered March 28, 1911, upon the verdict
of a jury rendered in favor of the plaintiff for the sum of
$7,500, in an action for personal injuries sustained by a
passenger in falling from a street car. Affirmed.

[1]Reported in 118 Pac. 311.

*John A. Shackleford* and *F. D. Oakley*, for appellants.

*Govnor Teats, Hugo Metzler, Leo Teats*, and *Ralph Teats*, for respondent.

PER CURIAM.—Respondent recovered a judgment against the appellant, as compensation for injuries she says she received in consequence of a fall from one of appellant Traction Company's street cars. Although it is assigned that the evidence is insufficient to sustain the verdict, a careful review of the testimony convinces us that, while in our judgment a verdict might well have been returned in favor of the appellants, yet there is a conflict of evidence, and the testimony offered on respondent's behalf is sufficient, if believed by the jury, to sustain the verdict. In such cases we have uniformly upheld the verdict of the jury, notwithstanding our personal views.

It is also contended that the verdict is excessive. Respondent was, at the time of the injury, of the age of eighteen years, in good health, and engaged as a domestic servant, receiving four dollars a week. She received a wound at the base of the skull, and was unconscious eighteen or twenty hours thereafter. She was confined to her room for about six weeks. Her eyesight was weakened, and her nervous system so shattered that she is now anaemic and a sufferer from traumatic neurasthenia. She has severe headaches of daily recurrence, and the medical men who were sworn as witnesses seem to agree that she has permanently lost the hearing in one of her ears. Where it has appeared that verdicts are so excessive as to indicate that they may have been given under the influence of passion and prejudice, it has not been unusual for this and other courts to give the option of a voluntary remittitur of a part of the verdict. But in all such cases, we have had some guide or standard to which we could safely turn to measure the damages. In the case of injuries to the members, a court can take some notice of the fact that nature in a way restores the functional use of the injured member. But where, as in this case, the injury, if any

at all, is to the nervous system, a possible lesion of the brain, which may result in epilepsy, a chronic neurasthenic condition, and has in fact resulted in deafness and impairment of vision, we are at a loss to say that the jury was not justified in rejecting the evidence offered by appellants to the effect that the only injury likely to be permanent was the loss of hearing, and that the neurasthenic condition would rapidly improve.    The verdict will, therefore, be allowed to stand.

This action was begun against the Pacific Traction Company, H. B. Davis, the conductor, and Russell Flynn, motorman.    A verdict was rendered against each of the defendants.    A motion for a new trial was interposed, and pending the determination of that motion, the plaintiff entered a *nolle prosequi* against the defendant, H. B. Davis. It is the contention of the appellants that, inasmuch as it is the duty of the clerk to enter a judgment under § 431, Rem. & Bal. Code, which reads as follows:

"When a trial by jury has been had, judgment shall be entered by the clerk immediately in conformity to the verdict, and a transcript of said judgment may be immediately filed in the office of the clerk of the superior court of any other county in the state in the manner provided by law: Provided, however, that if a motion for a new trial shall be filed, execution shall not be issued upon said judgment until said motion shall be determined:    And provided, further, that the granting of a motion for a new trial shall immediately operate as the vacation and setting aside of said judgment;"

the dismissal of any one of the several joint tort feasors after verdict rendered operates as a satisfaction of the judgment as to all of the joint tort feasors.    Appellants rely upon the case of *Abb v. Northern Pac. R. Co.*, 28 Wash. 428, 69 Pac. 954, 92 Am. St. 864, 58 L. R. A. 293.    In that case a sum of money was accepted in satisfaction of the tort, and for that reason it is not in point.    Unless, therefore, we can hold that a judgment was entered immediately upon the return of the verdict, the case would fall rather within the rule of *Birkel v. Chandler*, 26 Wash. 241, 66 Pac. 406, where this court

adopted the language of Blackford, J., in *Palmer v. Crosby*, 1 Blackf. 138:

"As the action might have been originally instituted against these four, so, at any time before final judgment, the plaintiff might elect to take his damages against them alone, and abandon his action against the others. He might, even after his verdict against the four, have entered a *nolle prosequi* as to two, and taken judgment only against the rest;"

and said:

"The above statement of principles seems to us to be peculiarly applicable to this case. If plaintiff himself can, after verdict, enter a dismissal as to any one of the defendants in an action for tort, and elect to take judgment against the remaining defendants, certainly, when the court itself has entered such dismissal, the plaintiff can elect to accept judgment against the others, as was done in this case."

The record shows no judgment entered against any of the defendants until after the motion for a new trial had been passed upon. While the statute requires that a judgment shall be entered, we can take judicial notice of the fact that it is not always done, and until a judgment is formally entered, the rule of satisfaction contended for by the appellants would not apply. The parties have treated the judgment signed by the court after overruling the motion for a new trial as the true judgment, and we feel bound by its recitals as well as by the time it was entered. A somewhat similar question was considered by the court in *Harris v. Fidalgo Mill Co.*, 38 Wash. 169, 80 Pac. 289. It was there said:

"Neither does it seem to us that there is any merit in the contention that the judgment ought to be reversed because the judgment was not immediately entered upon the return of the verdict. These matters are largely directory, and, in any event, the judgment appealed from is a formal judgment, which the record now shows is signed by the judge and filed by the clerk, and no attempt has been made to vacate such judgment."

Our holding, then, is that respondent was within the rule of the *Birkel* case when the *nolle prosequi* was entered, and,

upon its authority, that the judgment will not be disturbed.

There was a sharp issue of fact submitted to the jury in this, that respondent contended that she was thrown from the car at L street, whereas the appellants undertook to show that the car had passed L street, and that she fell to the pavement at a point about midway between L street and K street. In support of the motion for a new trial, appellants offered the affidavits of several parties who were in an automobile which arrived at the scene of the accident immediately thereafter, and who say that they will testify that the accident occurred near the center of the block. This evidence would be relevant, but inasmuch as that fact was testified to by the motorman and the conductor, as well as three disinterested witnesses who seem to be men of business character and standing in the city of Tacoma, we think it would be only cumulative, and is insufficient to warrant a new trial.

Appellants also complain that several instructions which were requested were refused by the court. We have considered the instructions as given, and while we believe that two of the requested instructions might have been given with propriety, yet the instructions of the court covered the issues so completely that the error in refusing the requested instructions could not have resulted in any prejudice to the appellants.

Judgment affirmed.