[No. 13890.  Department Two.  March 24, 1917.]

MILDRED KIRKPATRICK, *Appellant*, v. KATHERINE COLLINS
*et al., Respondents.*[1]

WITNESSES—REFRESHING MEMORY—MEMORANDA—ADMISSIBILITY—
EVIDENCE—SELF-SERVING DECLARATIONS. Memoranda used to refresh
the memory of a witness are not admissible in evidence where the
witness testifies from his present memory, and the memoranda were
made by him and were self-serving declarations, without meaning
except as explained by his oral testimony.

LIMITATION OF ACTIONS—REMOVAL OF BAR—PART PAYMENT—EVI-
DENCE—SUFFICIENCY—BURDEN OF PROOF. The evidence is insufficient
to show a payment upon a note tolling the statute of limitations
eight years after the last payment, where plaintiff's testimony to
that effect was contradicted by the testimony of the defendant, who
was corroborated by one witness and certain circumstances; in view
of the presumption in favor of the running of the statute in such
case and the burden of proof upon the plaintiff to establish the con-
trary.

Appeal from a judgment of the superior court for King
county, Mackintosh, J., entered June 28, 1916, upon findings
in favor of the defendant, refusing to remove a cloud upon
title, and foreclosing a mortgage upon defendant's cross-
complaint, after a trial on the merits to the court.  Reversed.

*T. D. Rockwell*, for appellant.

*Farrell, Kane & Stratton*, for respondents.

PARKER, J.—This action was commenced in the superior
court for King county by the plaintiff, Mrs. Kirkpatrick,
seeking to remove a cloud upon her title to four lots, in the
city of Seattle, consisting of a mortgage thereon, executed
by her grantor, Mrs. Frances Webb, to the defendants
Katherine Collins and husband, to secure the payment of a
debt of $700 due from her to them, evidenced by a promissory
note which is now alleged to be barred by the statute of lim-
itations. The defendants, Mrs. Collins and husband, filed an

[1]Reported in 163 Pac. 919.

answer and cross-complaint seeking foreclosure of the mortgage, making Mrs. Webb, who executed the mortgage, a defendant in the action. Trial in the superior court resulted in a decree foreclosing the mortgage, as prayed for by Mrs. Collins and husband, and denying the relief prayed for by the plaintiff. From this disposition of the cause, the plaintiff has appealed to this court.

On April 30, 1907, Mrs. Webb, having purchased from respondents the lots in question and being indebted to them in the sum of $700 for the balance due upon the purchase price, evidenced such indebtedness by the execution of a promissory note, payable to them one year after date, to wit, on April 30, 1908, and thereupon executed and delivered to them, to secure the same the mortgage in question. Four payments are conceded to have been made by Mrs. Webb upon the note during the years 1908 and 1909. Respondents claim, and the trial court found, that two additional payments were made by Mrs. Webb upon the note, of $25 each, one on June 17, 1910, and one on December 5, 1911. Appellant acquired the lots by deed of conveyance from Mrs. Webb on January 27, 1916, the mortgage then appearing of record in the auditor's office of King county. This action was commenced and respondent's cross-complaint filed therein in March, 1916, which was more than six years after the maturity of the note and the payments made thereon in the years 1908 and 1909, but less than six years after each of the payments claimed by respondents to have been made on June 17, 1910, and December 5, 1911. So the debt evidenced by the note and secured by the mortgage would not be barred if the alleged payments of June 17, 1910, and December 5, 1911, or either of them, were in fact made; while, if neither of such payments were made, the note would be barred.

It is first contended in appellant's behalf that the trial court erred in receiving in evidence, in connection with the testimony of Mr. Collins, two memoranda reading as follows:

"Date June 17, 1910, To Frances Webb, For Acct. Mortgage, $25.00."

"Date 12-5-11, To Frances Webb, On Acct. Mtg. For —, $25.00."

These memoranda appear upon stubs in two separate books of stubs from which all the blanks or documents originally attached thereto have been taken off. It will be noticed that these memoranda themselves do not show the nature of such original documents. We also note that there is nothing appearing upon either of the stub books which furnishes any information whatever as to what the documents torn therefrom were. They might have been checks, promissory notes, receipts or documents of some other nature, for aught that appears upon any portion of the stub books. It is apparent, therefore, that these memoranda are meaningless within themselves, apart from the testimony of some one who knew of their making. Mr. Collins used the memoranda to refresh his memory, and, claiming his memory was so refreshed, testified positively that, on each of the dates shown, to wit, June 17, 1910, and December 5, 1911, Mrs. Webb, at his place of business, paid to him upon the note $25; that he then gave her receipts therefor, written on blank forms attached to these stubs, which he tore off, and that he then made these memoranda. After he had so testified, these two stub books containing the memoranda from which Mr. Collins had refreshed his memory were both offered in evidence by counsel for respondents and admitted by the court over the objection of counsel for appellant. Not only does the testimony of Mr. Collins, as shown in the record, indicate that he testified as having present memory, after it was so refreshed, of the payments being made, but the brief nature of the memoranda renders it plain that he intended his testimony to be so understood, since they would be meaningless without his testimony. That is, they are not such complete memoranda within themselves as would prove anything by his testifying to the mere fact that he had made them and knew

that they spoke the truth though having no present memory of the transactions, as such evidence is sometimes produced and rendered admissible.

Counsel for appellant invoke the rule that an entry by a creditor upon his own books of an alleged part payment of a debt is not admissible to prove the removal of the bar of the statute of limitations, citing the decision of this court in *Schlotfeldt v. Bull*, 18 Wash. 64, 50 Pac. 590, where the question is reviewed at some length. Counsel for respondents insist that this rule is not applicable here, because that decision and those therein noticed have reference to cases only where a memorandum is sought to be used as evidence within itself as proof of the fact sought to be established, as shop-books may be introduced in evidence. They argue that, where a memorandum is used by a witness to refresh his memory, as these were used by Mr. Collins, it is admissible in connection with the testimony of such witness.

We are of the opinion that such is not the law, in the light of what we think is the great weight of authority and the better reasoning in cases where the witness testifies from his present memory, even though it be refreshed by a memorandum made by himself when the facts sought to be proven occurred. We can see no more reason for allowing such testimony to be supported by a memorandum previously made by the witness so testifying than to allow the admission in evidence of any other self-serving declaration. Manifestly, when the witness testifies from his present memory, that which he may have written or said at some other time concerning the facts of which he testifies, is incompetent. It has all the vices of both self-serving and hearsay evidence, though it may not be technically the latter. Manifestly a witness should not be permitted to testify to what he wrote or said on some previous occasion any more than to testify to what some one else had written or said. This is quite a different matter from that of a witness testifying that he correctly recorded a fact at some previous time of which he

has no present memory. It is also a different question than that of opposing counsel's right to have the memoranda introduced in connection with the testimony of the witness using it to refresh his memory. In 5 Jones, Commentaries on Evidence, § 883, that learned author says:

"The question sometimes arises whether memoranda, used to refresh the memory, are themselves to be admitted in evidence. Of course, the memoranda under discussion in this chapter must not be confused with such writings as books of account which, on grounds elsewhere discussed, are competent as evidence, when properly verified. When the witness, after examining the memorandum, finds his memory so refreshed that he can testify from recollection, independently of the memorandum, there is no reason or necessity for the introduction of the paper or writing itself; and it is not admissible. In such case, the jury have no knowledge of the contents of the paper, unless opposing counsel call for such contents on cross-examination. Of course, the cross-examiner has the right to inspect and use the document in order that he may test the candor and credibility of the witness and to show that it could not properly refresh his memory. . . . It has frequently been held that another rule prevails when the witness, after examining the memorandum, cannot testify to an existing knowledge of the fact, independently of the memorandum, but can testify that, at or about the time the writing was made, he knew of its contents and of its truth or accuracy. In such cases, both the testimony of the witness and the contents of the memorandum are held admissible. 'The two are the equivalent of a present positive statement of the witness, affirming the truth of the contents of the memorandum.' "

In the text of 40 Cyc. 2467, the rule is stated as follows:

"A memorandum or other writing is not made evidence by being used to refresh the memory of a witness, or by the fact that it would be permissible to use it for such purpose; and if the witness, after examining the writing, testifies from his own independent recollection of the facts, the writing cannot be introduced in evidence or read to the jury. Where, however, a witness has no independent recollection, but testifies merely from his knowledge or belief in the ac-

curacy of the paper, it is proper that such paper should be
put in evidence or read to the jury as auxiliary to the witness'
testimony or as a statement adopted by him."

Many decisions of the courts are there cited showing this to
be the generally accepted rule. We have not had brought to
our attention the decisions of any court holding to a different
view of the law except those of the supreme court of Ver-
mont, where it seems to be held that memoranda so used by
a witness may be introduced in evidence as auxiliary to or
confirmatory of the testimony of the witness. *Taplin &
Howell v. Clark*, 89 Vt. 226, 95 Atl. 491. We are con-
strained to regard this view seemingly entertained by the
Vermont court as not in harmony with the weight of author-
ity or the better reasoning. We are of the opinion that the
trial court erred in admitting in evidence these memoranda,
though admitted in connection with the oral testimony of
Mr. Collins and not as evidence independent of such testi-
mony.

Since this case was tried in the superior court without a
jury, and is before us with a full record of all the evidence
there introduced calling for our examination of the evidence
*de novo* (Rem. Code, § 1736), looking to a final determina-
tion in this court rather than to a new trial, should we con-
clude that error was committed or a wrong conclusion reached
upon the merits by the trial court, it might seem that we
have given more attention than necessary to the error of the
court in receiving in evidence the memoranda above noticed.
We have been led to a careful consideration of that error be-
cause the trial court seems to have regarded the memoranda
as of decisive weight and calling for the conclusion that the
payments alleged to have been made upon the note on June
17, 1910, and December 5, 1911, were in fact made.

This brings us to a consideration of the merits of the case,
with these memoranda eliminated from the evidence. A care-
ful review of the evidence, apart from these memoranda, con-
vinces us that it preponderates in support of the claim of ap-

pellant that these alleged payments upon the note were not made. Indeed, it may be well argued from the record before us that the learned trial judge would have reached this conclusion had he not admitted the memoranda in evidence and attached undue weight to them as such. At the conclusion of the trial the court orally announced his decision as follows:

"I cannot imagine how these stubs could have been made other than in the regular course of business. The books look regular. You may foreclose your mortgage."

The record indicates that this is the whole of the court's observations touching the questions of fact bearing upon the question of the tolling of the statute of limitations. It is difficult to escape the conclusion that the memoranda were of such controlling force in the court's mind as to turn the scales in favor of respondents.

Looking to the oral evidence received, we have the positive testimony of Mrs. Webb that she did not make either of the alleged payments of June 17, 1910, or December 5, 1911, and the equally positive testimony of Mr. Collins that she did make such payments. As to the alleged payment of June 17, 1910, we have no other testimony, but we have a statement in writing made by Mr. Collins in the presence of Mrs. Webb at his office on December 5, 1911, evidently for the purpose of showing her the balance then due upon the note, which statement does not show any credit corresponding to the alleged payment of June 17, 1910, though it shows all prior payments conceded to have been made in 1908 and 1909. Mr. Collins explains the absence of this alleged $25 credit from this statement by testifying that he made the statement up from receipts which she then produced. However, it is his testimony against hers supported by this written statement.

As to the alleged payment of December 5, 1911, in addition to the conflicting testimony of Mrs. Webb and Mr. Collins, we have a witness who was present with Mrs. Webb at

the office of Mr. Collins upon that date who says in substance that he heard no talk between them indicating an intention on her part to make any payment, saw no payment made by her, saw no receipt from Mr. Collins to her, but did see Mr. Collins make out this memorandum or statement for the purpose of showing the amount then due upon the note and believes he was so situated there during the whole of the visit that he would have observed the fact of any payment being made by Mrs. Webb and heard any conversation between her and Mr. Collins bearing upon that subject. Mrs. Webb claims she was there for the purpose of trying to make a settlement with Mr. Collins by him taking back a portion of the property in settlement of the balance due on the note, but did not succeed. This witness says that he heard a conversation between them to this effect. The testimony of this witness may not be very convincing, but it is in some measure corroborative of Mrs. Webb. No indorsements of payments were made upon the note itself. It is therefore plain that, so far as anything upon the note itself appears, it was, at the time of the commencement of this action, barred because approximately eight years had elapsed since its maturity. Of course, the last conceded payment, which was made on August 27, 1909, started the running of the statute anew on that date, but that also was more than six years before the commencement of this action. We think it hardly needs argument to demonstrate that the presumption prevails that the statute then again starting continued to run, in the absence of proof to the contrary, and that the burden of proof to show some fact thereafter occurring tolling the statute was upon respondents. Having in mind this burden of proof, the condition of the evidence above noticed, and the weakening of the presumption of correct findings of the trial court by its having erroneously admitted and given undue weight to the memoranda as evidence, we feel constrained to reach the conclusion that the alleged payments of June 17, 1910, and December 5, 1911,

were not made, and that, therefore, the debt evidenced by the note and mortgage was barred by the six-year statute of limitations.

It follows that the judgment of foreclosure must be reversed and a decree entered as prayed for by appellant cancelling the mortgage and removing the cloud cast thereby upon her title. It is so ordered, and the cause is remanded to the superior court with direction to enter its decree accordingly.

ELLIS, C. J., MOUNT, HOLCOMB, and FULLERTON, JJ., concur.