[No. 15838.   Department One.   August 23, 1920.]

EDWARD MOLITOR, *Appellant,* v. BLACKWELL MOTOR
COMPANY *et al., Respondents.*[1]

NEW TRIAL (37)—NEWLY DISCOVERED EVIDENCE—CUMULATIVE EVI-
DENCE. The refusal to grant a new trial on the ground of newly
discovered evidence will not be disturbed, where the affidavits in
support of the motion showed merely a corroboration of the matters
testified to by appellant's witnesses, and the court is satisfied that
there was no abuse by the court in the exercise of its discretion.

MUNICIPAL CORPORATIONS (384, 392)—STREETS—COLLISION WITH
AUTOMOBILE—PROXIMATE CAUSE—INSTRUCTIONS. In an action for
injuries sustained by a bicyclist struck by an automobile, a requested
instruction that violation of an ordinance in making a turn was
the proximate cause of the injury, even though no headlight was
burning on the bicycle, is properly refused, it being for the jury to
determine whether failure to carry a light was the proximate cause.

Appeal from a judgment of the superior court for
Spokane county, Blake, J., entered December 6, 1919,
upon the verdict of a jury rendered in favor of the
defendants, in an action for personal injuries. Af-
firmed.

*Robertson, Miller & Robertson,* for appellant.
*McCarthy & Edge,* for respondents.

TOLMAN, J.—This action was brought to recover for
personal injuries sustained by the appellant, plaintiff
below, in a collision between a bicycle ridden by him
and an automobile belonging to the defendant, who is
respondent here. The case was tried to a jury, which
rendered a verdict for the defendant, and this appeal
is from a judgment thereon.

The errors assigned and relied upon are: (1) De-
nial of a motion for a new trial; and (2) the giving
and refusing of instructions to the jury.

[1]Reported in 191 Pac. 1103.

The motion for a new trial, among other grounds, is based upon newly discovered evidence, which is the only ground urged here, and supported by an affidavit showing that such evidence relates solely to the question of whether or not the appellant had a headlight burning on his bicycle, such as was required by the ordinance of the city of Spokane, at the time of the accident.

This question was made a direct issue by the pleadings and was one of the principal issues at the trial. Appellant testified that he had such a headlight, properly equipped and burning; his wife testified that the bicycle was so equipped, and that the light was burning when appellant left his home on the bicycle a few minutes before the accident occurred; the bicycle dealer from whom the bicycle had been purchased some two or three months before, testified that, when he sold, it was fully equipped with a regulation bicycle headlight; and a witness who worked with appellant testified that, on the night preceding the accident, he had observed the headlight on the bicycle and, as a matter of curiosity, had turned it on and off several times and found it then to be in perfect order. Other witnesses on both sides saw no light on the bicycle, and there was testimony on the part of the defense that an examination immediately after the accident showed no batteries or wires attached to the bicycle or about the place where the accident occurred. The affidavits in support of the motion for a new trial show that one Eder, who was well acquainted with appellant, met him just before the time of, and but a few blocks distant from, the place of the accident, and then observed that the headlight on his bicycle was burning; that he knew of the accident the next morning after it oc-

curred, but did not disclose to appellant his knowledge regarding the headlight until after the trial below.

It has been repeatedly and consistently held in this state that it is not error to refuse to grant a new trial when the newly discovered evidence is merely cumulative and corroborative, and that the granting of a new trial upon the ground of newly discovered evidence, whether cumulative or not, is, from its nature, peculiarly within the discretion of the trial court, and the exercise of that discretion will not be disturbed except in cases of manifest abuse. *Roe v. Snyder,* 100 Wash. 311, 170 Pac. 1027; *Deitchler v. Ball,* 99 Wash. 483, 170 Pac. 123; *Ronald v. Pacific Traction Co.,* 65 Wash. 430, 118 Pac. 311. We are satisfied that there was no abuse of discretion here, and therefore cannot interfere.

Appellant complains of the refusal of an instruction to the effect that, if the driver of the automobile violated the city ordinance in making the turn from one street into the other at the point where the accident occurred, such violation of the ordinance was the proximate cause of the injury, notwithstanding there was no headlight burning on the bicycle at the time. The court did instruct to the effect that, if respondent's driver cut the corner in violation of the ordinance, he was guilty of negligence, and that it was for the jury to determine whether such negligence was the proximate cause of the injury. This was as far as the court could go without invading the province of the jury, and to have instructed as requested would have been to withdraw from the jury the right to find that the failure to carry a light on the bicycle, if there was such, was the proximate cause of the accident. This applies also to several other assignments of error made for the purpose of raising the same question. We have

examined the instructions given and refused and are satisfied that appellant's requested instructions, so far as proper, were, in substance, given by the court.

Finding no error, the judgment is affirmed.

HOLCOMB, C. J., BRIDGES, MOUNT, and FULLERTON, JJ., concur.