[No. 23292. Department One. December 2, 1931.]

DAISY DENNIS, *Respondent,* v. SHIRLEY TRICK, *Appellant.*[1]

*Moore & Higgins,* for appellant.
*Rummens & Griffin,* for respondent.

BEELER, J.—The plaintiff brought this action to recover the balance due under an alleged oral contract. Plaintiff in her complaint alleged that she was employed by the defendant from January 15 to May 31, 1929, to act as her bodyguard and companion at an agreed wage of ten dollars per day; that she performed the required services in accordance with the contract, and as a result the defendant became indebted to her in the sum of $1,230, and that no part thereof was paid except $165. The prayer was for judgment in the sum of $1,065.

The defendant denied the existence of the contract; denied that she was indebted to the plaintiff in any

[1]Reported in 5 P. (2d) 493.

sum whatever, and by cross-complaint alleged that the plaintiff, at various times during the year 1929, had borrowed moneys from her in the sum of $165, and prayed for judgment for that amount. These affirmative allegations were denied by the plaintiff in her reply. On these issues, the cause was tried to the court, sitting without a jury, and at the close of the testimony the trial judge informally announced:

"As I weigh the matter, gentlemen, on the basis of the preponderance of the evidence, my findings will have to be in favor of the plaintiff. . . .

"I will tell you what I think, gentlemen, I have been thinking about this situation ever since the testimony has been coming in with a great deal of care, and I have expressed to you what I honestly believe from the testimony as to what the situation has been. I think that Mrs. Dennis worked, and I think it was under an arrangement, and I think that she earned her compensation. I am of the opinion that there were days that she may not have done anything on this matter. I mean in addition to those four days that have been mentioned by counsel. There is testimony by Mrs. Scott which is entitled to consideration, with reference to the fact that there were days in the month of April that were not included. Now, my view is this, as I see it now, that, during this entire period, there was approximately a period of thirty days in which there was no employment. That includes the court days that have been mentioned. That is my feeling about it under the testimony. . . .

"I think that is justice in this case, gentlemen, as I view all of the testimony. I have tried to give it very careful consideration. Judge Moore, you presented this matter very carefully. But the parties themselves make these situations. Here we have a situation where people were friends and then they turn against the person who has been their friend. The damage was done when the friendships were made, if any."

Following this oral pronouncement, formal findings of fact were entered in which the court found that the defendant had employed the plaintiff as a companion and to *assist in pending litigation* at an agreed compensation of ten dollars per day; that the plaintiff continued in the employment of the defendant until May 31, 1929, excepting a certain number of days for which the court credited her at the rate of ten dollars per day for each day the plaintiff was not employed, and further credited the defendant with $165, as the amount advanced by her to the plaintiff. Judgment was entered for the plaintiff in the sum of $885, from which the defendant has appealed.

From a careful reading of the record, we are of the opinion that the evidence supports the findings, and that the judgment of the trial court was right. It is true that the testimony of the respondent in some respects seems somewhat improbable, but the same may be said, even to a greater degree, concerning the testimony of the appellant. The evidence as a whole is in very sharp conflict, and no useful purpose would be served by setting it forth in detail. But as throwing light on the question whether a contract was in fact entered into between the parties, we may say that it appears that, during December, 1928, the appellant became embroiled in a divorce proceeding with her then husband, who had several children by a former marriage, and on the night of December 24, these children threatened her with bodily violence; that thereupon the appellant, by affidavit in which she swore that these children had threatened her life, procured a restraining order enjoining her husband and his children from inflicting personal violence upon her; she also obtained permission from the police officials of the city of Seattle to carry a gun as a means of self-protection.

It further appears that the respondent, prior to

January 15, 1929, had had some experience as a private detective, and that she enjoyed an acquaintanceship with the police officials of the city of Seattle; that the respondent and the appellant first met on or about January 15, 1929, and on or about that date the contract of employment was entered into. It is clear from the evidence that a friendship sprang up between the parties, so much so that, in June, 1929, the appellant rented a safe deposit box of the Seattle Dexter Horton National Bank under respondent's name and placed therein approximately one thousand dollars received by her in partial settlement in the divorce proceedings. On this same occasion, the appellant paid to the respondent the sum of one hundred dollars, and promised to pay the balance of the indebtedness upon receiving the additional sum of $2,500 in accordance with the settlement in the divorce action.

These, together with other facts and circumstances, support the finding of the trial court that there was in fact an oral contract between the parties. We have repeatedly held in cases of this character that we will not disturb the findings of the trial judge unless it is made clearly to appear that the evidence preponderates against such findings. The trial judge had the witnesses before him. He observed their demeanor and appearance upon the witness stand. He was in a better position to judge of their credibility than are we.

The appellant next contends that the trial court erred in not confining the proof to the items set forth in the bill of particulars submitted by the respondent on demand. But, in our opinion, the proof was confined to these items. The testimony merely enlarged or amplified the statements or allegations contained in the bill of particulars.

■ The appellant next assigns error on the refusal of the court to admit in evidence a diary which she claims was kept each day from December 15, 1928, to May 31, 1929, under instructions from her attorneys in the divorce action. Appellant, while testifying, was permitted to use the diary in order to refresh her recollection. At best, the diary was a self-serving memorandum and was properly rejected. A similar question was presented in the case of *Kirkpatrick v. Collins,* 95 Wash. 399, 163 Pac. 919, and we there said:

"We are of the opinion that such is not the law, in the light of what we think is the great weight of authority and the better reasoning in cases where the witness testifies from his present memory, even though it be refreshed by a memorandum made by himself when the facts sought to be proven occurred. We can see no more reason for allowing such testimony to be supported by a memorandum previously made by the witness so testifying than to allow the admission in evidence of any other self-serving declaration. Manifestly, when the witness testifies from his present memory, that which he may have written or said at some other time concerning the facts of which he testifies, is incompetent. It has all the vices of both self-serving and hearsay evidence, though it may not be technically the latter. Manifestly a witness should not be permitted to testify to what he wrote or said on some previous occasion any more than to testify to what some one else had written or said."

■ The appellant next contends that the court erred in denying her motion for a new trial. The supporting affidavit setting forth the newly discovered evidence shows that, in some respects, it is merely cumulative or corroborative of testimony introduced during the trial, and in other respects it is calculated to impeach, in part at least, the testimony of the respondent.

"It has been repeatedly and consistently held in this state that it is not error to refuse to grant a new trial

when the newly discovered evidence is merely cumulative and corroborative, and that the granting of a new trial upon the ground of newly discovered evidence, whether cumulative or not, is, from its nature, peculiarly within the discretion of the trial court, and the exercise of that discretion will not be disturbed except in cases of manifest abuse. *Roe v. Snyder,* 100 Wash. 311, 170 Pac. 1027; *Deitchler v. Ball,* 99 Wash. 483, 170 Pac. 123; *Ronald v. Pacific Traction Co.,* 65 Wash. 430, 118 Pac. 311." *Molitor v. Blackwell Motor Co.,* 112 Wash. 279, 191 Pac. 1103.

Judgment affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and HERMAN, JJ., concur.