[No. 28294. Department Two. April 29, 1941.]

THE STATE OF WASHINGTON, *Respondent,* v. IRA COFFEY, *Appellant.*[1]

[1]Reported in 112 P. (2d) 989.

*McMullen & Snider,* for appellant.

*Eugene G. Cushing* and *R. DeWitt Jones,* for respondent.

MILLARD, J.—Defendant was convicted of the crime of incest—sexual intercourse with his seventeen year old daughter—and has appealed. Counsel for appellant first contend that the facts are not sufficient to support a verdict of guilty of the crime charged.

The prosecutrix testified that appellant, her father, had had sexual relations with her almost continuously since the death of her mother in 1935, and that he had such relations with her on the morning of August 24, 1940, the date he is charged by the information with the commission of the crime in question. If there were no other evidence, or evidence from which it might reasonably be inferred, that appellant was guilty of the crime charged, the testimony of the prosecutrix is sufficient to sustain the verdict.

The guilt or innocence of accused in a prosecution for incest is not affected by the consent of prosecutrix, or that the act was committed without her consent. In the absence of a statute—none has been called

to our attention—requiring corroboration, the conviction may be had on uncorroborated testimony of prosecutrix. *State v. Aker*, 54 Wash. 342, 103 Pac. 420. See, also, *State v. Hornaday*, 67 Wash. 660, 122 Pac. 322.

Appellant next complains of one of the instructions given to the jury. As the instruction of which complaint is made is not set forth in the brief, the assignment is not entitled to consideration. *Lund v. Seattle*, 163 Wash. 254, 1 P. (2d) 301; *Scott v. Pacific Power & Light Co.*, 178 Wash. 647, 35 P. (2d) 749.

The trial court admitted in evidence, over objection, in corroboration of the testimony of the prosecutrix, a page of a diary, without detaching same from the diary, kept by the prosecutrix. This exhibit purports to carry a notation of commission of incestuous acts by appellant during January, February, and May, 1940. The prosecutrix testified that, immediately or not later than the subsequent day, following such an occurrence, she made a notation upon the page in question; that the letters "D", "M", or "N" following the date indicated an occurrence in the daytime, morning, or night, and that the key and notations were all made previous to the beginning of this memorandum. The trial court permitted the entire diary kept by the prosecutrix to go to, and be considered by, the jury, when no part of that diary other than the one page just described had been admitted in evidence.

Counsel for appellant assign as error the admission in evidence of the above-described exhibit, and also assign as error the permitting of the diary, which had not been admitted in evidence, to be considered by the jury. Both assignments may be considered to-. gether.

Diaries and small memorandum books do not generally belong to the class of books which are ad-

missible in evidence. It should be borne in mind that it is essential to the admission of books of account in evidence that the charges should be in such a state that they may be presumed to be the minutes of the daily business of the party; that is, the book must on its face be a regular and usual book of accounts. A diary, such as that in the case at bar, is not admissible in evidence under the rule admitting books which are used in the regular course of business and kept by the party as books of account.

In *Dennis v. Trick,* 165 Wash. 403, 5 P. (2d) 493, the appellant assigned as error refusal of the court to admit in evidence a diary which appellant claimed was kept each day for five and one-half months. Appellant while testifying was permitted to use the diary in order to refresh her recollection. We said:

"At best, the diary was a self-serving memorandum and was properly rejected. A similar question was presented in the case of *Kirkpatrick v. Collins,* 95 Wash. 399, 163 Pac. 919, and we there said:

" 'We are of the opinion that such is not the law, in the light of what we think is the great weight of authority and the better reasoning in cases where the witness testifies from his present memory, even though it be refreshed by a memorandum made by himself when the facts sought to be proven occurred. We can see no more reason for allowing such testimony to be supported by a memorandum previously made by the witness so testifying than to allow the admission in evidence of any other self-serving declaration. Manifestly, when the witness testifies from his present memory, that which he may have written or said at some other time concerning the facts of which he testifies, is incompetent. It has all the vices of both self-serving and hearsay evidence, though it may not be technically the latter. Manifestly a witness should not be permitted to testify to what he wrote or said on some previous occasion any more than to testify to what some one else had written or said.' "

See, also, 22 C. J. 871, 893, 896; 70 C. J. 599; *Engelbach v. Kellogg,* 65 Colo. 182, 176 Pac. 472; *People v. Blanchard,* 71 Cal. App. 402, 235 Pac. 467; *O'Rourke v. Cleary,* 105 Vt. 85, 163 Atl. 583; *Elliott v. Sheppard,* 179 Mo. 382, 78 S. W. 627; *Costello v. Crowell,* 139 Mass. 588, 2 N. E. 698; *Star Mills v. Bailey,* 140 Ky. 194, 130 S. W. 1077, 140 Am. St. 370; Annotation 65 A. L. R. 1478 *et seq.*; Annotation 125 A. L. R. 19 *et seq.*

■ The general rule is that entries in diaries are inadmissible as evidence, although they may be used to refresh the memory of a witness if after such use he can testify from an independent recollection of the matter. Stated another way: A contemporaneous memorandum made by a witness may be used to refresh his memory; that is, a witness may be allowed to refresh his memory by looking at a printed or written paper or memorandum and, if he thereby recollects a fact or circumstance, he may testify to it. It is not the memorandum which is evidence but the recollection. *Schmidt v. Van Woerden,* 181 Wash. 39, 42 P. (2d) 3; *State v. Jensen,* 194 Wash. 515, 78 P. (2d) 600.

A diary or other writing is not made evidence by its use to refresh the memory of a witness or by the fact that it would be permissible to use it for such purpose. If the witness after examining the writing testifies from his own independent recollection of the facts, the writing may not be introduced as evidence or read or submitted to the jury. Of course, where, under the rules governing documentary evidence generally, a book or writing is independently admissible it is none the less so because a witness has used it to refresh his memory.

■ The admission in evidence of the entries in the diary of the prosecutrix, constituted reversible error. The court also erred, for two reasons, in permitting

the jury to consider the remainder of the diary: (1) That book had not been admitted in evidence; and (2) it was not admissible as evidence.

The judgment is reversed, and the cause remanded with direction to the trial court to grant a new trial.

ROBINSON, C. J., SIMPSON, and JEFFERS, JJ., concur.

BEALS, J., concurs in the result.

