[No. 5065.  Decided October 14, 1904.]

GEORGE IVERSON, *by Henry Iverson, Guardian ad Litem,
Respondent,* v. JOHN W. McDONNELL, *Appellant.*[1]

TRIAL—INSTRUCTIONS—PLEADINGS—AMENDMENTS DEEMED TO BE
MADE—MASTER'S PROMISE TO REPAIR MACHINERY.  Instructions
upon an issue as to defendant's promise to repair machinery
not raised in the pleadings, are not erroneous where evidence
thereon was introduced without objection, since the pleadings
may be considered amended to embrace the fact.

MASTER AND SERVANT — NEGLIGENCE—INDEMNITY—FACT THAT
DEFENDANT CARRIES ACCIDENT INSURANCE—TRIAL—OBJECTIONS—
SUFFICIENCY.  In an action against an employer for personal
injuries, where it is evident that the purport of questions asked
by the plaintiff's counsel was to get before the jury the fact
that the defendant was indemnified against liability by carrying
employer's liability insurance, the case will be reversed, although
defendant's first objection to such questions specified no grounds
and the second objection made was sustained.[2]

Appeal from a judgment of the superior court for King
county, Griffin, J., entered June 30, 1903, upon the ver-
dict of a jury rendered in favor of the plaintiff.  Reversed.

*Piles, Donworth & Howe,* for appellant.

*W. Sinks Ferguson,* for respondent, contended among
other things, that the objection to the evidence was not suffi-
ciently specific.  *Kroenert v. Faulk,* 32 Wash. 181, 72
Pac. 1010; *Wagner v. Mahrt,* 32 Wash. 542, 73 Pac. 675;
*Nunn v. Jordan,* 31 Wash. 506, 72 Pac. 124; *Boston
etc. R. Co. v. O'Reilly,* 158 U. S. 334, 39 L. Ed. 1006,
15 Sup. Ct. 830.  The last of these questions objected to
went to the credibility of the witness.  *Shoemaker v.
Bryant Lumber etc. Co.,* 27 Wash. 637, 68 Pac. 380.
It was not reversible error to ask incompetent questions.

[1]Reported in 78 Pac. 202.

[2]NOTE.  See, also, *Edwards v. Burke, post,* 107.  REP.

*Dow v. Weare,* 68 N. H. 345, 44 Atl. 489; *Cosselmon v. Dunfee,* 172 N. Y. 507, 65 N. E. 494.

DUNBAR, J.—Respondent sued appellant for $20,000 damages, claiming that he had lost three fingers of his right hand by reason of appellant's negligence in not furnishing respondent with suitable machinery to work with, in his shingle mill, which he was then operating. Judgment was recovered for $2,000. This appeal is from such judgment.

Several errors are alleged, the first being that the superior court erred in allowing counsel for respondent to get before the jury the fact that appellant carried employer's liability insurance. Other errors assigned are upon the introduction of testimony, and instructions given and refused by the court, and the refusal of the court to grant a nonsuit. There seems to us to be no merit in the assignments in relation to the admission or rejection of testimony, or the giving or refusing to give instructions. Without specifically reviewing the instructions, it seems to us that they explicitly and clearly state the law pertinent to the case. It is true that the court instructed the jury as follows:

"If you find from the evidence that the vice-principal promised plaintiff to put the machinery and appliances in good shape, and that plaintiff relied upon said promise, and was lulled into a feeling of security by reason of such promise, and was thereby induced to continue at such work, and if he was injured by reason of defendant's failure to perform such promise, plaintiff may recover for such injury, provided you believe that he was in the exercise of reasonable care to prevent such injury at the time of its occurrence."

And it is also true that, under the pleadings, no issue of this fact is tendered. But the record shows that the issue was tendered in the testimony, without objection, and

that testimony on this proposition was offered by both the appellant and respondent, and, such being the case, the court was justified in considering the pleadings amended to embrace the issue of fact contested.

The first error assigned is, however, we are forced to conclude, well taken. Upon the cross-examination of the defendant, McDonnell, the following occurred:

"Q. (By Mr. Ferguson, counsel for respondent): Mr. McDonnell, you were the owner, and had possession and ran the shingle mill in Ballard, where George was working at the time of the injury? A. I am the owner of the mill, yes. Q. And, in case a judgment is rendered against you in this case, you will be the one who would have to pay it, will you not? Mr. Howe (counsel for appellant): I object. The Court: Objection overruled. Exception noted for the defendant. A. I suppose so; I don't know. Q. You don't know? A. I presume so. Q. Now, I will ask you if it is not a fact that you carry insurance on your men? Certain insurance company will have to pay at least a part of that judgment? A. I carry insurance—accident insurance. Q. Well, answer the question. A. I carry insurance—accident insurance. Q. And the company will have to pay at least a part of the judgment, you answer? A. I do not know whether the company will pay it or not. Q. Who pays the law firm of Piles, Donworth & Howe, you or the insurance company? Mr. Howe: I object as incompetent. Mr. Ferguson: The question is asked for the purpose of affecting the credibility of the witness. I wish to know what his interests are in this case, and it has been decided by our supreme court that it is competent. The Court: Objection sustained. Exception noted for the plaintiff."

It is a fundamental principle of law, too well established to require the citation of authority, that testimony should not be introduced in a law suit which is not pertinent to the issues involved; and it could make

no difference, so far as the merits of this case are concerned, whether the judgment which the respondent hoped to obtain should be paid by the appellant or by an insurance company. The pertinent questions, under the issues, for the jury to determine were whether or not the appellant had been guilty of negligence which was the proximate cause of the respondent's injury, and whether or not the respondent had been guilty of contributory negligence. Any testimony tending to throw light upon these two propositions was pertinent and competent. Any other testimony would have a tendency to either confuse or inflame the minds of the jurors. In *Manigold v. Black River Traction Co.,* 80 N. Y. Supp. 861, an action for injuries to a passenger, after an objection had been sustained to a question, asked defendant's witness on cross-examination, as to whom a doctor, who accompanied the witnesses on a visit to plaintiff, represented, plaintiff's counsel asked witness whether such doctor did not go to settle with plaintiff, and whether he was not representing an insurance company back of defendant, to which defendant's counsel at once objected, and which was not allowed to be answered. Held, that the asking of such question constituted reversible error, where it did not affirmatively appear that it did not affect the verdict, though the court instructed the jury that they should not regard it. That case seems to be parallel with the case at bar, the question in one instance having reference to a doctor, in the other a lawyer. In passing upon this question, the court said:

"The law is well settled that it is improper to show, in an action of negligence, that the defendant is insured against loss in case of a recovery against it on account of its negligence. This was expressly held in the case of *Wildrick v. Moore,* 66 Hun. 630, 22 N. Y. Supp. 1119.

It is not proper to inform the jury of such fact in any manner. It is not material to any issue involved in the trial of the action, and certainly plaintiff's counsel ought not to be permitted to do indirectly what he would not be permitted to do directly. The fact that the defendant in this action was insured was brought to the knowledge of the jury as conclusively by what occurred as if the question had been answered in the affirmative, and it is evident that the question was asked and the inquiry pressed, even after the ruling of the court that it was incompetent, for the very purpose of getting such fact before the jury. Immediately before the direct question was asked, the court had ruled that the inquiry as to who Dr. Rockwell represented was incompetent, and the objection to that question was sustained, and yet plaintiff's counsel then asked the direct question, which was, in effect, a statement that there was an insurance company back of the defendant. In order to protect the defendant, its counsel was forced to object to the question, and yet by doing so he, in effect, admitted the fact; otherwise no objection would have been made. It is true the learned trial court properly struck out the answer, and instructed the jury not to consider it; but plaintiff's counsel improperly got the fact before the jury—a fact which he knew he was not entitled to, and which the court had just excluded by its ruling. We think this constituted error which requires a reversal of the judgment."

In the case at bar, it is true, the question as to who employed the attorneys for the defense was sustained by the court, but, as was said by the New York court, it had to be done over the objection of the defense, the urging of which was practically an admission of the fact. But, in addition to this, over the objection of the appellant, respondent's counsel was allowed to elicit the fact that the appellant carried accident insurance upon the men in his employment, the result of which would be, as the jury well knew, to relieve the appellant from the payment of the judgment.

It is contended by the respondent that there was no sufficient objection to this testimony made by counsel for the defense. But the testimony and objections must be considered together to properly determine this question, and, while it is true that the objection to the question "And in case a judgment is rendered against you in this case you will be the one that will have to pay it, will you not?" was simply "I object," the further objection that "I object as incompetent," was urged to the same character of questions propounded for the same purpose, viz., to show that the insurance company, instead of the appellant, would be responsible for the judgment. We think that both court and counsel were fully advised of the object of the question, and of the scope of the objections thereto. It is true, the respondent said, when the objection was made, that the question was asked for the purpose of affecting the credibility of the witness; that he wished to know what his interests were in the case. But it seems to us it plainly appears that the purpose of the question was to get before the jury, not testimony affecting the credibility of the witness, but testimony showing that the judgment would be paid by the insurance company instead of by the appellant. There was no question about the interest of the witness McDonnell. He was the defendant in the case, had testified that he was, and that he was the owner of the mill and the employer of the plaintiff in the case. And the testimony sought to be elicited by the counsel for respondent, instead of affecting his credibility by showing the responsibility of the insurance company for the judgment, would tend to strengthen the testimony of the witness by showing that he had no interest in the result of the case. Hence, it is not likely that the attorney for the respondent asked

these questions for the purpose of strengthening the testimony of the appellant in the case.

To the effect that it is improper practice, in an action for personal injuries, for counsel, either by testimony or by remarks made to the jury, to give the jury to understand that an insurance company is defending the case, see, also, *George A. Fuller Co. v. Darragh,* 101 Ill. App. 664; *Cosselmon v. Dunfee,* 172 N. Y. 507, 65 N. E. 494; *Sawyer v. Arnold Shoe Co.,* 90 Me. 369, 38 Atl. 333. It is said by counsel for the respondent that these cases are not in point. But while, in some instances, the question was presented in a different form, they all proclaim as reprehensible the practice of endeavoring to get before a jury the fact that the judgment sought to be obtained will have to be paid by an insurance company instead of by the defendant. But even in the absence of any authority, and if the question were presented to this court as a matter of first impression, we should, without hesitancy, conclude that such practice was not in conformity with general principles of law, and hinders rather than aids the jury in arriving at a just verdict.

For the error alleged in this respect, the judgment will be reversed.

FULLERTON, C. J., and HADLEY, ANDERS, and MOUNT, JJ., concur.