[No. 5107.   Decided April 13, 1905.]

MARTIN LOWSIT, *Respondent*, v. SEATTLE LUMBER
COMPANY, *Appellant*.[1]

MASTER AND SERVANT—NEGLIGENCE—INDEMNITY—FACT THAT
DEFENDANT CARRIES ACCIDENT INSURANCE—INTEREST OF WITNESS.
In an action against an employer for personal injuries, evidence
that the defendant was indemnified against loss by accident in-
surance is inadmissible; and is not competent, on cross-examina-
tion of the defendant's president, to show his interest in any
liability in excess of the policy.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered November 25, 1903, upon the
verdict of a jury rendered in favor of the plaintiff, for
personal injuries sustained by an employee in a mill, whose
hand was crushed in cogwheels.   Reversed.

*Carr & Preston*, for appellant.

*Martin J. Lund* and *Fulton & Faben*, for respondent.

DUNBAR, J.—The plaintiff, while working in the mill of
the defendant, got his hand caught in the chain and cog-
wheels, and crushed, and the present action is for dam-
ages arising therefrom.   The complaint alleges negligence
on the part of the defendant in not warning him of the
danger incident to the employment, and in directing him
to perform labor with tools that were not safe implements
to work with, the danger being known to the defendant,
and unknown to the plaintiff by reason of his inexperience.
It is also alleged that the cogwheels were constructed in a
defective and dangerous manner, and negligently left un-
covered by said defendant.

Many assignments of error are presented by the appel-

1Reported in 80 Pac. 431.

lant, but we think that the instructions which were given by the court properly placed before the jury the issues of the case, that the instructions objected to stated the law, and that the instructions which were asked and refused by the court had been either substantially given by the court, or were not warranted by the testimony in the case. Neither are we able to discover that there was any error in the admission or rejection of testimony.

But the second assignment of error, viz., that the court erred in admitting testimony to the jury to the effect that the defendant was indemnified by an insurance company against losses of this kind, must be sustained. After the president and manager of the mill company, N. W. Hamilton, had been examined, both directly and on cross-examination, he was recalled and the following occurred:

"Q. (By counsel for plaintiff.)—Have you any interest in this action at all, Mr. Hamilton? A. I am president and manager of the Seattle Lumber Company. Q. You are indemnified, are you not, against loss or damages? Mr. Carr: I object to that. Mr. Fulton: I want to show what interest he has in it. Mr. Carr: I object to the question as irrelevant and immaterial. The Court: Objection overruled; exception allowed. Q. You are indemnified against this accident, are you not? Mr. Carr: I object to that question as irrelevant and immaterial, and not proper cross-examination. The Court: Objection overruled; exception allowed. Q. Answer, please. A. Well, I have what is called a casualty insurance. Q. And the insurance which you carried at that time on your mill covered the accident for which this action was brought, did it not? Mr. Carr: Same objection. The Court: Objection overruled; exception allowed. Q. What is the answer? A. Why, it is supposed to be a limited liability, I believe. Q. It is to pay a certain part? Mr. Carr: The same objection. A. Yes sir. Q. $5,000, does it not? Mr. Carr: Same objection. The Court: Overruled; exception allowed. A. Yes, sir. Q. What is that? A.

Yes, sir. Q. You are interested in all sums over $5,000 which might be recovered as a verdict in this case, are you not? Mr. Carr: Same objection. The Court: Overruled; exception allowed. A. Yes, sir."

This course of procedure has been by this court decided to be prejudicial error, in *Iverson v. McDonnell*, 36 Wash. 73, 78 Pac. 202, where the court, in passing upon the question, used the following language:

"It is a fundamental principle of law, too well established to require the citation of authority, that testimony should not be introduced in a lawsuit which is not pertinent to the issues involved; and it could make no difference, so far as the merits of this case are concerned, whether the judgment which the respondent hoped to obtain should be paid by the appellant or by an insurance company. The pertinent questions, under the issues, for the jury to determine, were whether or not the appellant had been guilty of negligence which was the proximate cause of the respondent's injury, and whether or not the respondent had been guilty of contributory negligence. Any testimony tending to throw light upon these two propositions was pertinent and competent. Any other testimony would have a tendency to either confuse or inflame the minds of the jurors."

In that case the authorities on the question were reviewed, to a certain extent, and the conclusion reached that the admission of the testimony was prejudicial error. The same language used in that case might appropriately be applied to the introduction of the testimony complained of in this case. Here, as there, the contention is that plaintiff had a right to introduce this testimony for the purpose of showing the interest of the witness in the case, and reliance was had upon the case of *Shoemaker v. Bryant Lumber etc. Co.*, 27 Wash. 637, 68 Pac. 380. But that case was noticed and distinguished in *Iverson v. McDonnell, supra,* and, in consideration of the decision in that case, we do

not feel called upon to enter again into a discussion of the
law governing the admission of such testimony.  In sup-
port of the theory that the minds of the jurors were influ-
enced by the fact that the defendant was indemnified, it is
a significant fact that the testimony showed that the de-
fendant was only responsible for any judgment over
$5,000, and that, while the relief prayed for in this case
was $15,000, the verdict of the jury was for just $5,000.

For this error, the judgment will be reversed, and the
cause remanded.

MOUNT, C. J., FULLERTON, and HADLEY, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took on part.