[No. 11625. Department Two. March 26, 1914.]

ANEL B. SHAY, *Respondent*, v. L. G. HORR, *Appellant*.[1]

TRIAL—MISCONDUCT OF COUNSEL—SHOWING INDEMNITY INSURANCE. In an action for personal injuries, it is reversible error for counsel, in argument and in asking questions, to repeatedly inject into the case the fact that the defendant carried indemnity insurance, and when this is done, the error is not cured by withdrawing the evidence and instructing the jury to disregard all such statements, unless it clearly appears that the jury were not influenced thereby, which would hardly be the case where the jury awarded the full amount of damages claimed.

FULLERTON, J., dissents.

Appeal from a judgment of the superior court for King county, Tallman, J., entered June 18, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action for injuries sustained in a collision with an automobile. Reversed.

*Ballinger, Battle, Hulbert & Shorts* and *Clise & Poe*, for appellant.

*H. S. Elliott* and *Walter S. Fulton*, for respondent.

MORRIS, J.—Respondent, while riding a motorcycle, collided with an automobile owned and driven by appellant, receiving injuries for which this action was brought. He recovered a judgment for $11,014.83, from which this appeal is taken.

Many errors are assigned. One of these is so decisive of the appeal that we will not discuss the others. In opening

[1]Reported in 139 Pac. 604.

the case to the jury, Mr. Fulton, counsel for respondent, among other things said:

"We will show you that Mr. Hawkinson went to him (defendant) about two or three weeks afterwards, to Mr. Horr, the police officer did, to find out about this case, and he charged Mr. Horr with it, and Horr said: 'Well, I can't do anything about it. The insurance company has instructed me not to.' And we will show you that in the hospital Horr made the statement, in the presence of Mr. Shay, and after to Mr. Shay— Mr. Battle: I desire to except to the remarks of counsel—anything in reference to any insurance proposition. The Court: I think the objection is well taken. The jury will disregard any statement of that kind. It has nothing to do with the case."

Later on, Mr. Fulton said to the jury:

"Now, we will show that Mr. Horr the next day went to Mr. Schubach's office and there made the statement that he was to blame, and the matter was out of his control. Mr. Battle: The same exception to the remarks of counsel;"

to which no ruling is made. Subsequently, the witness Hawkinson, referred to by Mr. Fulton, was sworn. Among other questions he was asked:

"What conversation, if any, did you have with him (defendant) at that time? Just state the conversation as nearly as you can to the jury. Answer: He said he belonged to the insurance—some insurance company. Mr. Battle: I object and move to strike it out. The Court: Motion denied; exception allowed. Question: Now, I want you to state just as nearly as you can recall what conversation you had with Mr. Horr relative to this matter, when you went down to see him two or three weeks after. Answer: I asked him if he had done anything for the boy, or if he had seen him, and he said he left it in the hands of the insurance company, and they told him not to bother with the case at all. Mr. Battle: We move to strike out the answer of the witness as incompetent, irrelevant and immaterial and prejudicial error. The Court: Motion denied and exception allowed."

Later on, the witness was asked: ·

"But you say when you went in you asked him if he would settle with the boy? A. I asked him if he had done anything for the boy at all. I didn't ask him about any settlement at all. He said, 'No, he had insurance.' Mr. Battle: I move to strike the answer as not responsive to the question."

This motion was granted by the court. Another witness testified that he had had a conversation with Mr. Horr relative to this accident, and he was then asked: "State just what he said relative to it. A. He told me that he was insured;" to which objection was made and sustained. He was then asked what he said in reference to the accident, and answered: ". . . . regardless of what the insurance company would do, he wanted to do something." Objection was again made by counsel for appellant, and after some controversy between the court and the counsel, the court finally said to the jury:

"I instruct the jury now any admissions in reference to the insurance company has nothing to do with this case, and I have only admitted it for the purpose, as I have already said, where it appears it was so interlaced with the other admissions that I couldn't exclude it."

It is evident that, notwithstanding the rulings of the court, counsel for respondent and his witnesses intended the jury should fully realize that appellant was protected by some form of insurance. ·That their efforts to do so constitute prejudice and reversible error, cannot be denied under the previous rulings of this court. *Iverson v. McDonnell,* 36 Wash. 73, 78 Pac. 202; *Lowsit v. Seattle Lumber Co.,* 38 Wash. 290, 80 Pac. 431; *Stratton v. Nichols Lumber Co.,* 39 Wash. 323, 81 Pac. 831, 109 Am. St. 881; *Westby v. Washington Brick, Lime & Mfg. Co.,* 40 Wash. 289, 82 Pac. 271; *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821. We have held in these cases that it is improper to either directly or indirectly get before the jury any fact which conveys information that the defendant is insured against loss in case of a recovery against it, and

that the striking of the answers conveying such information and the instructing of the jury not to consider it will not save the error. The authorities are united that error must follow these facts, unless it clearly appears that they could not have influenced the jury. It does not so appear in this case; to our mind the contrary appears. The amount demanded was $10,000 general damages, and $1,024.83 special damages. The verdict was for $11,014.83, the ten dollars difference being accounted for by the fact that the proof only showed a $300 doctor's bill, whereas the complaint had charged this item at $310. So that the verdict was for the full amount the proof would sustain. We cannot escape the conviction that this verdict was influenced by the information conveyed to the jury that defendant would not have to pay it. Counsel for respondent, in his oral argument, well said that there is no divinity that doth hedge about these liability insurance companies, and that having undertaken a risk, they should live up to their contract and not seek to defeat their just liability thereunder. That is a good argument in a proper case; but, unfortunately for its application here, we do not know, and we cannot know, that there is any insurance company that stands sponsor for this judgment; nor, if there is one, what is the nature and extent of its indemnity contract. The parties to this action and their liabilities must be determined by the pleadings, and when other parties and other issues are injected, the one so injecting does so at the peril of any judgment he may obtain. The law is too well settled in this and other jurisdictions to permit of further argument.

The judgment is reversed, and a new trial ordered.

Crow, C. J., Parker, and Mount, JJ., concur.

Fullerton, J., dissents.