[No. 13041. Department One. January 11, 1916.]

GEORGE JENSEN, *Respondent*, v. F. C. SCHLENZ *et al.*,

*Appellants*, THE CITY OF TACOMA *et al.*,

*Respondents.*[1]

TRIAL—MISCONDUCT OF COUNSEL—SHOWING INDEMNITY INSURANCE. In a personal injury case, inquiry of a juror as to whether he had business dealings with any of the defendants, revealing that he was in the liability insurance business and that defendants might be insured, is not misconduct of counsel in placing such fact before the jury, where the information came about naturally in response to lawful inquiry.

TRIAL—MISCONDUCT OF COUNSEL—IMPROPER OBJECTIONS. An objection to the participation of counsel for a defendant that had been dismissed out of the case is not misconduct of counsel upon which error can be predicated, where it came about through a confusion of ideas and the parties came to a common understanding and "consented" that a judgment of nonsuit be entered.

DISMISSAL AND NONSUIT—JOINT TORT FEASOR—RIGHT OF CODEFENDANT. Consent to the dismissal of one or more joint tort feasors is equivalent to a voluntary nonsuit, which cannot be objected to by codefendants.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error cannot be predicated upon the giving of an instruction affecting only the liability of a joint tort feasor dismissed out of the case by consent of the plaintiff.

TRIAL—INSTRUCTIONS — PREJUDICE — COMMENT ON FACTS. An instruction that there was no evidence to warrant a finding of fault in the construction of a manhole, is not prejudicial to defendants who were found to have negligently maintained the same; nor would it be an unlawful comment on the facts.

NEGLIGENCE — PRESUMPTIONS — CIRCUMSTANTIAL EVIDENCE. While negligence is never presumed, it may be established by circumstantial evidence; hence an instruction thereon may be warranted, although no witness testified directly as to the fact.

TRIAL—INSTRUCTIONS—AS A WHOLE. Instructions must be construed as a whole, and not isolated for the purpose of criticism.

DAMAGES—PERSONAL INJURIES—EARNING CAPACITY—INSTRUCTIONS. In an action for personal injuries, an instruction authorizing recovery

[1]Reported in 154 Pac. 159.

for "depreciation in earning capacity, if any" where plaintiff returned to work at the same wages, is not necessarily prejudicial, where the element of lessened earning capacity was not the only question in the case, the jury was not left to speculation, and there was fact to rest the verdict upon.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for personal injuries, causing constant pain and weakness to a man sixty years of age, which may be permanent, will not be held excessive when not so large as to reflect passion or prejudice on the part of the jury.

Appeal from a judgment of the superior court for Pierce county, Easterday, J., entered February 11, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by falling on a manhole. Affirmed.

*A. F. Williams*, for appellants.

*P. V. Davis* and *Gordon & Easterday*, for respondent Jensen.

*T. L. Stiles* and *Frank M. Carnahan*, for respondent City of Tacoma.

CHADWICK, J.—Respondent fell on a manhole and was injured. The manhole was maintained in the sidewalk for the purpose of putting fuel into the basement of a hotel which was conducted by appellants. It is alleged that the covering on the manhole was negligently maintained.

Defendants Huth, the owners of the building, were dismissed out of the case during the progress of the trial. The jury found in favor of the city of Tacoma, and rendered a verdict in favor of respondent, Jensen, in the sum of $1,500. There was testimony to sustain the finding of the jury that the cover to the manhole was negligently maintained, and a motion for nonsuit was properly overruled.

Upon the examination of one of the jurors and in answer to the question: "Your business is what?," he answered, "I am with L. N. Hanson Company, liability insurance and surety bonds." He was then interrogated further:

"Q. Do you carry insurance on the Carlton Hotel? A. No. Q. Do you know Mr. Schlenz? A. That is in a business way. Q. That is you have done business with them? A. I think possibly. Q. Do you know what branch of your line of business which you have done for these different people, any of it indemnity? A. I think that for the Pacific Brewing & Malting Company we might have written some. Q. Any kind with the Schlenzes and Huths? A. Oh, I could not recall. I think possibly it was liability and such as that. Q. Ever hear of this case? A. I don't just recall as I have. I generally keep in touch with all these personal injury cases because that is my line, but I don't just recall the case now. Q. It is a part of your business, regular business to keep in touch with them? A. Yes. Q. And ascertain to what extent if at all your company is interested? A. Yes. Q. You don't recall whether you ever had occasion to look into this or not? A. No. Q. You don't know now whether your company is interested in the result of the suit? A. I don't think so. No. I am pretty sure it is not. Q. It may be and it has escaped your attention? A. I think possibly this would be in our general liability insurance policy. I think another company, that is— Q. You think you are not interested in that way in this case? A. No. Q. Well, we will pass you."

Counsel predicates error upon this incident, saying:

"This court has held in many instances that any attempt on the part of counsel to bring before a jury the question of insurance in a case of this character is reversible error."

We do not understand that the court has ever gone so far. The extent of our holding is that if it be apparent that counsel deliberately sets about, although in an indirect way, to inform the jury that the loss, if any, will fall upon an insurance company instead of the defendant, his conduct will be held prejudicial.

"In cases of this kind if it should appear that the purpose of the examination was to inform the jury that the burden of a judgment, if obtained, would fall upon an insurance company instead of the defendant, we would hold it such misconduct on the part of the attorney as would warrant a reversal." *Hoyt v. Independent Asphalt Pav. Co.,* 52 Wash. 672, 101 Pac. 367.

Counsel had a right to inquire into the business of the juror and to know whether he had any business dealings with any of the defendants, although the examination might reveal the ultimate fact that the defendant was insured. If such information comes about naturally and is an incident to a lawful inquiry, there can be no error. If it is injected in a collateral way, it is held to be harmful. The gravamen of the offense is not in the disclosure of a collateral fact, but in the manner of its disclosure, that is, the misconduct of counsel. The cases to sustain our holding are collected in *Moy Quon v. Furuya Co.*, 81 Wash. 526, 143 Pac. 99.

It is objected that counsel for respondent was guilty of misconduct, in that he objected to the further participation in the trial of the attorney for the defendants Huth after they had been dismissed out of the case. A motion for a nonsuit had been made on behalf of the Huths which was not "resisted." There followed a confusion of ideas and the court finally denied the motion. Counsel for respondent evidently proceeded upon the theory that the Huths were out of the case, and other counsel that they were still in. Hence the objection to their further participation. When the objection was made, all parties seem to have come to a common understanding, and counsel for respondent "consented" that a judgment of nonsuit be entered. We can find no prejudice in the proceeding.

Nor was it error to dismiss the defendants Huth. The consent that a judgment of nonsuit might be entered was equivalent to a voluntary dismissal. 14 Cyc. 411. Any one or more joint tort feasors may be dismissed out of a case if the plaintiff consents thereto or takes no exceptions to an order of dismissal. It is not a matter of legal concern to his codefendants. *Birkel v. Chandler*, 26 Wash. 241, 66 Pac. 406; *Ronald v. Pacific Traction Co.*, 65 Wash. 430, 118 Pac. 311; *Groot v. Oregon Short Line R. Co.*, 34 Utah 152, 96 Pac. 1019.

Error is predicated upon an instruction in which the court told the jury that there was no evidence to warrant a finding of fault in the construction of the manhole or

". . . any danger to pedestrians walking over the same if the covering over the manhole was inserted in the opening and was maintained by the persons in charge of the Carlton Hotel, in the way that it was designed to be maintained, and rubbish or debris were not permitted to lodge or accumulate in the space intended for the covering, and Huth and wife have been dismissed from the action. This leaves for your determination the question, whether or not the defendants city of Tacoma, or F. C. Schlenz and wife, or either or both of them, were guilty of negligence charged against them by the plaintiff in this action."

The instruction was wholly unnecessary, inasmuch as the Huths had taken a judgment of nonsuit, but we cannot see wherein it prejudiced respondents. Neither is it objectionable as a comment upon the facts. Granting that no witness did swear directly that sticks and bark and rubbish had been permitted to accumulate in the collar of the lid of the manhole, there is evidence from which the jury could have inferred the fact. Negligence, while never presumed, may nevertheless be proved, like any other fact, by circumstantial evidence. *Sweeten v. Pacific Power & Light Co.*, 88 Wash. 679, 153 Pac. 1054; *Abrams v. Seattle & Montana R. Co.*, 27 Wash. 507, 68 Pac. 78; *Sroufe v. Moran Bros. Co.*, 28 Wash. 381, 68 Pac. 896, 92 Am. St. 847, 58 L. R. A. 313.

The court told the jury:

"I instruct you that you are not at liberty to conclude that the walk in question at the time and place of the accident, was in a dangerous condition simply because of the accident which happened to plaintiff. But you must consider all the facts and circumstances with relation to the condition of the walk at the time of the accident, and from all of the facts and circumstances in the case, as shown by the evidence and under the instructions I give you as to the law, determine in your own mind whether the place where plaintiff was in-

jured was in a dangerous condition to persons traveling in the ordinary way, using ordinary care."

It is said:

"Under this instruction the jury would be justified in returning a verdict against the appellants regardless of whether any act of negligence had been established against them or not. The court in effect directs the jury that if they find that the sidewalk at the place and time where the plaintiff was injured was in a dangerous condition they must find a verdict for the plaintiff. No mention is made of this dangerous condition being caused by the negligence of appellants. The only question for the jury to determine was whether or not the sidewalk was in a dangerous condition."

We have often held that an instruction will not be isolated for the purpose of criticising it, but that we will keep it in its setting and construe it with reference to, and in relation to, the other instructions given to the jury. We will not now stop to assemble the cases. We have read the instructions and find that the court instructed fully upon the law of negligence, and that respondent could not recover unless the jury found that appellants were in fact negligent.

It is complained that the jury were instructed that it might allow respondent a recovery for "depreciation in his earning capacity, if any," and all loss and damages "for inability to follow his usual occupation," whereas there was no testimony to show depreciation in earning capacity or inability to follow his usual occupation. It appears that respondent returned to his work in about six weeks, receiving the same wages he had received before the accident. We must credit jurymen with having the common understanding of men, and when told that they may allow for a particular damage, if any, that they will not accept that statement as a fact and predicate a recovery upon it unless there is testimony to sustain it. It is not every misstatement or unnecessary statement of the law that will be held to be prejudicial. It is only so held when the misstatement or unnecessary statement can

be fairly held to be a misdirection of such consequence as to raise a presumption of prejudice. If the element of lessened earning capacity was the only question in the case the instruction would have been erroneous, but it was not. The jury was not put to the stress of speculation. There was fact to rest the verdict upon and law to sustain it.

The other objection is without merit. Respondent had, for a time at least, been unable to pursue his usual vocation. We cannot presume that the jury went beyond the evidence.

Neither can we say, as a matter of law, that the verdict is so large that it reflects the prejudice or the passion of the jury. Respondent suffered a painful injury. He testified that he was in constant pain; that his work kept him upon his feet all the time; that the injury had brought on a vericose condition of the veins in his leg, and that he was weak and became quickly exhausted. Respondent was sixty years of age at the time the accident occurred, and there is medical testimony to the effect that his injuries are permanent and will not grow less in degree. We find no prejudicial error.

Affirmed.

MORRIS, C. J., ELLIS, MOUNT, and FULLERTON, JJ., concur.