[No. 20432.   Department Two.   July 28, 1927.]

LAURA HEATH, *as Administratrix of the Estate of Charles Heath, Deceased, Respondent,* v. E. W. STEPHENS *et al., Appellants.*[1]

[1] TRIAL (43)—CONDUCT OF COUNSEL—PRESENTATION OF EVIDENCE—SHOWING INDEMNITY INSURANCE.  In a personal injury case, a wilful attempt by plaintiff's counsel to improperly inform the jury that the defendant carried indemnity insurance is not shown by a question on the examination of a juror as to whether he was in the insurance business, whereupon the jurors were excused, and it was shown, out of the jury's presence, that there were insurance men on the panel, and plaintiff was endeavoring to ascertain if any prospective juror was interested in the company liable, and the court wisely directed how the questions should be framed.

[2] DEATH (36) — ACTION FOR WRONGFUL DEATH — INSTRUCTIONS — EARNING CAPACITY—DISCRETION OF JURY.  In an action for the wrongful death of a farmer, sixty-two years of age, hale, strong and hearty, the jury is properly instructed to take into consideration decedent's life expectancy, his earning capacity and probable earnings, without any direct or exact proof of the expectancy, earnings or financial benefits to his wife and infant

[1]Reported in 258 Pac. 321.

child; since those matters are to be determined by the jury from their knowledge of human nature and affairs.

[3] EVIDENCE (4-3) — JUDICIAL NOTICE — STATISTICAL FACTS. The courts may take judicial notice of standard tables of mortality, and may instruct the jury thereon upon request.

[4] TRIAL (22)—RECEPTION OF EVIDENCE—EFFECT OF ADMISSION. It is not reversible error to allow a minor son, injured in an automobile accident, to show to the jury a year old scar on his injured arm, where it was not of a nature to excite sympathy.

[5] APPEAL (467)—DEATH (40)—REVIEW—VERDICT—SEGREGATION TO BENEFICIARIES. In an action for wrongful death under Rem. Comp. Stat., §§ 183, 183-1, prosecuted for the benefit of a widow and a minor son, error cannot be assigned upon a verdict in a lump sum instead of a segregation of the damages to each beneficiary, where it is not claimed that the damages are excessive.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered July 20, 1926, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful death. Affirmed.

*Ralph S. Pierce* and *McAulay & Freece,* for appellants.

*Snively & Bounds,* for respondent.

TOLMAN, J.—Respondent, as plaintiff, prosecuted this action to recover for the wrongful death of her decedent, killed in an automobile accident, for damages to his automobile, in which he was riding at the time, and for funeral expenses. The jury by its verdict allowed $7,500 for the death, $355 for the damage to the automobile, and $426 for funeral expenses. From a judgment on the verdict, the defendants have appealed.

Appellants, in due course, moved for a nonsuit, for an instructed verdict, and for judgment *non obstante veredicto,* and the denial of each of these motions is assigned as error. After a careful reading of all of the testimony, we are satisfied that this was a typical jury case and that there was no error in these rulings. A recital of the testimony and an analysis of the con-

flicting portions bearing on the main issues would add nothing to the value of this opinion as a precedent, and any attempt in that direction is therefore omitted.

[1] It is strenuously argued that respondent's counsel improperly and purposely sought to inject the idea of insurance into the case, in defiance of the rule so often stated by this court and so well defined in *Lucchesi v. Reynolds*, 125 Wash. 352, 216 Pac. 12. During the examination of a juror, he was asked if he had ever been in the insurance business. Objection was interposed and some argument thereon was had, in the presence of the prospective jurors in the box; but upon the first suggestion to that effect by counsel for appellants, the remainder of the argument and reasons advanced by respondent's counsel for asking the question, the ruling of the court, and the other matters of similar import which followed, were had without the hearing of the prospective jurors. The reason given for the attempted examination was that counsel said he was advised that there were at least three insurance men on the panel; that he knew the defendants had indemnity insurance, and it was his endeavor to ascertain if any prospective juror was in any wise interested in the insurance company which might be liable. The trial court properly and wisely directed how the questions should be framed, so as to protect respondent's rights with the least possible suggestion of there being any insurance company involved in the case, and, in the absence of any showing that respondent's counsel acted in bad faith, we cannot hold that error was committed.

[2, 3] The deceased was sixty-two years old at the time of his death. No proof of his life expectancy was offered, and except that he was a farmer by occupation and the nature and extent of his operations as such, there was no direct or exact proof as to his earning

capacity; nor was there any exact proof as to the financial benefits flowing to the wife and infant child from him during his lifetime. Notwithstanding, the court gave the usual instruction, in which it was said:

"You have the right to take into consideration the age of deceased, his expectancy of life, his earning capacity, his probable earnings and the probable amount thereof his wife and children would have received, . . ."

From this premise, it is argued that there was no basis upon which the verdict of $7,500 can rest, and also that the instruction from which we have quoted was erroneous. According to the weight of authority the courts will take judicial notice of the standard tables of mortality. Jones on Evidence, § 129; 19 R. C. L. 221. And therefore appellants might have had the jury instructed definitely as to the life expectancy of the deceased, had a request therefor been made. Failing such an instruction, we cannot say that the men and women of whom our juries are composed have not had the average and ordinary experiences of life and are not in a position to know that a man of sixty-two, hale, strong and hearty, has the expectancy of a number of years of usefulness before him, but that in the course of nature and human affairs his earning power, if dependent upon physical strength and dexterity, is likely from that age on to decrease steadily and to end in a comparatively few years. In any event, mortality tables are based on averages, and had the jury been instructed as to what such tables proved, they still might have found that this man was above the average in strength and vitality. Much the same reasoning is to be applied to the extent of the deceased's earning power and the financial benefits his family would receive from him. It is common knowledge that the strong, intelligent, active and industrious

farmer, though he may not be bowed down by fear of the income tax, yet he manages to supply those dependent upon him with all of the necessities and most of the comforts of life, even though his taxes and his interest go unpaid. We venture the assertion that no amount of testimony as to concrete facts would have been a better guide to a jury than their knowledge of human nature and human affairs, applied to the general conditions here shown. The amount of the verdict, it is to be noted, is not in any wise questioned, except in the manner just stated.

[4] Complaint is made because the minor son, who was driving his father's car at the time of the accident and who was himself injured, was permitted to show his scarred or injured arm to the jury. While we think the objection to his so doing might well have been sustained, yet it appears that the trial took place about a year after the accident, and, in the absence of any showing to the contrary, we cannot assume that the year-old scar was of a nature to excite sympathy or that it added anything to the evidence on the subject of the boy's injury, which had already been received without objection.

[5] This action was brought under Rem. Comp. Stat., §§ 183 and 183-1 [P. C. §§ 8259, 8260], for the benefit of the beneficiaries as defined in the statute. The evidence showed these beneficiaries to be the widow, aged fifty-five, and a minor son, aged sixteen. The court permitted the jury to find a lump sum verdict, and appellants now contend that the jury should have been required to segregate and apportion a certain definite sum for the widow and another definite sum for the minor son. Such seems to be the practice under the Federal Employers' Liability Act, but there seems to be no settled practice under our statute. Appellants did not request an instruction requiring the

jury to apportion its verdict, and it is doubtful if they can now be heard to complain. But, in any event, we see no prejudicial error. In the case of *Stephenson v. Parton*, 89 Wash. 653, 155 Pac. 147, the converse of this question was presented. It is there said:

"It is complained lastly that the court erred in permitting the jury to segregate the damages to the widow and the two minor daughters of the deceased. The jury returned a verdict in favor of the widow in the sum of $2,000, in favor of the minor daughters, one for $700, and the other $800. This court has held in *Koloff v. Chicago, Milwaukee & Puget Sound R. Co.*, 71 Wash. 543, 129 Pac. 398, that an action of this kind is not for the benefit of the estate, but is for the benefit of the widow and children, who would share jointly in any damages recovered. It is not claimed by the appellants that the total amount of the judgment, $3,500, is excessive. But they do claim that, in allowing the jury to segregate the damages, the effect was to enhance the damages, to their prejudice, by permitting the jury to bring in three verdicts instead of one. But where no claim is made that the total damages are excessive, we cannot understand how the appellants are injured thereby. While we do not desire to approve the practice, we think there is not sufficient in this to warrant a reversal."

What is there said would seem to indicate that this court, as then composed, favored the practice of requiring a lump sum verdict. But whether or no, the argument indulged in in that case is just as applicable to this case. There being no claim here that the total damages are excessive, we cannot hold that the appellants are in any wise injured or prejudiced, nor can we assume that, by the method of apportioning, they would have been called upon to pay less.

The judgment is affirmed.

MACKINTOSH, C. J., HOLCOMB, PARKER, and FRENCH, JJ., concur.