[No. 22754. Department One. December 30, 1930.]

S. J. TODD et al., Respondents, v. O. C. ALEXANDER, et al., Appellants.[1]

[1] Reported in 294 Pac. 545.

4

*Snively & Bounds,* for appellant Alexander.

*O. R. Schumann* and *Cheney & Hutcheson,* for appellants Stephens.

*D. V. Morthland,* for respondents.

PARKER, J.—This is an automobile collision case. The plaintiffs, Todd and wife, seek recovery of damages for personal injuries suffered by Mrs. Todd as the alleged result of the concurring negligence of the defendants, Alexander and Stephens. They each answered and defended separately in the superior court. While each denied any guilt of negligence on his part which constituted a proximate cause of Mrs. Todd's injury, each also claimed that the other was guilty of negligence constituting the sole proximate cause of Mrs. Todd's injury. A trial upon the merits in the superior court for Yakima county sitting with a jury resulted in verdict and judgment awarding to the plaintiffs recovery against both Alexander and

Stephens, from which they have each separately appealed to this court.

The evidence is in serious conflict in important particulars, but the controlling facts, as it appears to us the jury was warranted in viewing them from the evidence, and did so view them, we think, may be sufficiently summarized as follows: Broadway is a street in the city of Yakima running north and south. It has a paved roadway twenty-four feet wide. On the east of and adjoining the paved roadway, the ground is level with the pavement and suitable for parking automobiles thereon off the pavement. At about seven o'clock during the evening in question, it then being dark so as to necessitate having lights of motor vehicles lighted, a large motor truck belonging to Stephens was accidentally disabled while being driven north on the easterly side of Broadway at a place about forty feet south of the place of the accident here in question. The truck was so injured that it could not be moved by its own power, and its rear light was also injured and rendered useless.

The driver of the truck, Stephens' servant, with the aid of two or three other men present, caused the truck to be pushed forward, he steering the truck north along the east side of the pavement a distance of about forty feet, leaving it standing there in a diagonal position almost wholly across the east half of the pavement, so that the left rear corner of its body was some two to four feet east of the center line of the pavement, and its right front wheel was on the ground just off of the east edge of the pavement. The truck had a very large body, so made for the hauling of apple boxes. The body was seven and one-half feet wide, and its top was some seven feet above the ground.

About one-half an hour after the truck had been in that position, its rear light not having been repaired and no rear light having been placed upon it, Alexander approached the truck from the south, driving his automobile along the east side of the pavement. When he came within a short distance of the truck, between ten and twenty feet, he suddenly turned to his left, passed the truck without hitting it, and came into collision with an automobile being driven south on the west side of the pavement, in which automobile Mrs. Todd was riding. She was sitting in the rear seat, and by the sudden stopping, caused apparently by the use of brakes as well as the impact of the two cars, she was thrown forward against the back of the front seat and suffered the injury for which she and her husband seek recovery against both Alexander and Stephens.

There is evidence tending to show that, on approaching the truck, Alexander was driving some thirty miles per hour, which would exceed the lawful speed limit there, and that therefore he did not have his car under proper control so as to enable him to avoid the collision. On the other hand, there is evidence of a somewhat more convincing character that, on approaching the truck, Alexander was driving well within the lawful speed limit, and saw the truck in ample time for him to come to a full stop without striking it and without the necessity of suddenly turning to the left to go around it. Indeed, his own testimony is consistent with this view of his approaching the truck. The car in which Mrs. Todd was riding was well lighted, and was proceeding south well to the west side of the pavement, that is, its right side, and was well within the lawful speed limit. The collision occurred at a point on the west side of the pavement a very little to the north of opposite the truck.

It is contended in behalf of Alexander that the evidence does not support the awarding of any damages against him in favor of the plaintiffs, and that the trial court should have so decided as a matter of law in response to timely motions made by his counsel during the trial and for judgment in his favor notwithstanding the verdict made after the rendering of the verdict. The evidence was, touching at least one phase of the case, sufficient to carry to the jury the question of Alexander's negligence as a proximate cause of Mrs. Todd's injury. We have seen that there was evidence warranting the jury in believing that Alexander, at the speed he was driving, could, after seeing the truck in its dangerous position, have stopped his car before reaching the truck, and therefore in ample time to observe whether or not the west side of the pavement was free from south-bound traffic, enabling him to safely pass the truck on the left. This, we think, renders it plain that the jury could well conclude that Alexander was negligent in turning to the left and attempting to pass the truck in the path of the approaching car in which Mrs. Todd was riding. We conclude, therefore, that the question of Alexander's negligence as a proximate cause of Mrs. Todd's injury was for the jury to decide as a question of fact, though Stephens' servant may also have been negligent in leaving his truck on the pavement and so creating a dangerous condition there, necessitating Alexander's passing it on the left. There seems to us to be no substantial ground for contending that it could be decided as a matter of law that Mrs. Todd, or the driver of the car in which she was riding, was guilty of contributory negligence.

It is contended in behalf of Stephens that the evidence does not support the awarding of any damages against him in favor of the plaintiffs, and that

the trial court should have so decided as a matter of law, in response to timely motions made by his counsel during the trial, and for judgment in his favor notwithstanding the verdict made after the rendering of the verdict. We have seen that the truck, after it was first injured so it could not be moved by its own power, was pushed along the pavement about forty feet. The jury could, from the evidence, well conclude that the truck could have, at the same time, been pushed off the pavement onto the level ground east of the pavement; which ground was suitable for parking motor vehicles. This, it seems to us, rather plainly indicates that the jury was warranted in concluding, as it manifestly did, that Stephens' servant was negligent in leaving the truck on the pavement in the dangerous position it was left and was in when Alexander approached it from the south.

As to whether or not the jury was warranted in going farther and concluding, as it manifestly did, that that negligence was a proximate concurring cause of the collision between Alexander's car and the car in which Mrs. Todd was riding, is possibly a somewhat more debatable question. However, we feel constrained to hold that was, under the circumstances, a question for the jury to decide as a question of fact, and not for the court to decide as a question of law. So, we conclude that the trial court did not err in refusing to take from the consideration of the jury the question of Stephens' servant's negligence as a proximate concurring cause of Mrs. Todd's injury.

 It is contended in behalf of Alexander that he is in any event entitled to a new trial, the same contention being separately made in behalf of Stephens, because of error occurring to his prejudice during the trial by counsel for the plaintiffs, in effect, inferentially suggesting to the jury that the defendants had

liability insurance answerable for such damage as Mrs. Todd might have suffered as the result of the charged negligence. During the cross-examination by counsel for Alexander of Mrs. Todd, he asked her a number of questions, which she answered, touching a visit to her by Dr. Cornett while she was suffering from the injuries she received. On her re-direct examination by her own counsel, she was further asked and answered touching Dr. Cornett's visit to her as follows:

"Q. What doctor did you say called upon you besides these doctors you called in? A. Dr. Cornett. Q. Did you call Dr. Cornett or employ him? A. No. Q. What did Dr. Cornett say to you when he came in to see you? A. Well, he said he was sent there by Mr. Martin on behalf, I believe, of Gaston & Auda."

This last answer of the witness was thereupon objected to by counsel for both Alexander and Stephens; which objection was by the court sustained. We assume, as counsel do, though the record does not properly so show, that Gaston & Auda were liability insurance agents. We are unable to see in this incident any willful injection by counsel for the plaintiffs of the fact of either of the defendants having liability insurance in the case. The questions asked by counsel do not suggest that he desired such an answer of the witness as was given by her. The questions suggest, to our minds, nothing more than further inquiry concerning Dr. Cornett's visit to Mrs. Todd, which was first brought into the case by questions propounded by counsel for Alexander. In *Jensen v. Schlenz,* 89 Wash. 268, 154 Pac. 159, Judge Chadwick, speaking for the court, said:

"The extent of our holding is that if it be apparent that counsel deliberately sets about, although in an indirect way, to inform the jury that the loss, if any, will fall upon an insurance company instead of the defendant, his conduct will be held prejudicial."

Our holding in the later case of *Heath v. Stephens,* 144 Wash. 440, 258 Pac. 321, is in harmony with that quoted language. We conclude that this claim of error is not sustainable.

■ It is contended in behalf of Stephens that he. is in any event entitled to a new trial because of misconduct of Alexander's counsel in inferentially suggesting to the jurors that Stephens had liability insurance answerable for such damages as Mrs. Todd might suffer as the result of the charged negligence. While counsel for Alexander was inquiring of the jurors upon their *voir dire* examination as to their qualifications to sit in the trial of the case, he asked and was answered by several of the jurors, separately, as follows:

"Q. If it appears in this case that the defendants or either of them have insurance, will that make any difference? A. No."

This was permitted by the court over the objections of counsel for Stephens, the court allowing the answers to be given. This was the whole of the inquiry which had the least suggestion of insurance in it. We do not see any bad faith in this incident on the part of counsel for Alexander. The inquiry was about as slightly suggestive of the actual existence of liability insurance as it could be looking to the searching of minds of the jurors as to whether or not they would be influenced by the existence of liability insurance, if such fact should accidentally or otherwise appear in the case. Clearly, we think this does not call for a new trial. Our decisions above cited support this conclusion.

■ It is contended in behalf of Stephens that the trial judge erred to his prejudice in giving to the jury an instruction reading, in so far as need be here noticed, as follows:

". . . And it shall be unlawful for any person to leave any disabled vehicle standing on any traveled portion of any highway of this state outside of any incorporated city or town at any time between one-half hour after sunset and one-half hour before sunrise without having a red light displayed on the rear end of such vehicle at the side thereof nearest the center of the highway."

This instruction is in the exact language found in chapter 105, Laws of 1927, p. 91, and is claimed to be prejudicially erroneous because there was no issue in this case as to Stephens' violating any statutory duty outside of any incorporated city or town. It was, we may concede, technically erroneous for the court to, in this manner, suggest to the jury that this statute was the controlling law touching the leaving of the disabled truck on a traveled portion of a street of the city of Yakima. But the instruction did, nevertheless, state the statutory law as applicable to such a situation in, as well as out of, cities and towns. In § 47, ch. 309, Laws of 1927, p. 808, passed a month later than ch. 105, Laws of 1927, p. 91, at the same session of the legislature, we read:

"It shall be unlawful for any person to leave any disabled vehicle standing on any traveled portion of any highway of this state at any time between one-half hour after sunset and one-half hour before sunrise without having a red light displayed on the rear end of such vehicle at the side thereof nearest the center of the highway."

Thus it appears that the trial judge correctly stated the law applicable to this controversy, though in doing so he referred to it as applicable to situations outside of cities and towns. We are of the opinion that this technical error was not in the least prejudicial to the rights of Stephens.

12

‎Some other claims of error are made in behalf of the defendants. We have examined them and believe them not of sufficient merit to call for further discussion. We conclude that the judgment must be affirmed. It is so ordered.

MITCHELL, C. J., TOLMAN, HOLCOMB, and MAIN, JJ., concur.