[No. 32475. Department Two. August 20, 1953.]

RUBY KING, as *Guardian ad Litem* of *Robert R. Gaddis et al., Minors, Appellant,* v. RALPH STARR *et al., Respondents.*[1]

[1]Reported in 260 P. (2d) 351.

Gavin, Robinson & Kendrick and Edgar H. Canfield, for appellant.

Zola O. Brooks and Cheney & Hutcheson, for respondents.

DONWORTH, J.—This action was brought by Ruby King, as guardian *ad litem*, on behalf of Carol King Gaddis and her husband, Robert Gaddis, both minors, against Ralph Starr and A. F. Beddoe as copartners, and their respective wives, to recover damages for personal injuries and expenses sustained by Carol King Gaddis while working for defendants. The trial resulted in a verdict for defendants. A motion for new trial was made and denied. This appeal was taken from the judgment of dismissal entered on the verdict.

This appeal is before us on a short record in accordance with Rule 34 (3) of Rules on Appeal, 34A Wn. (2d) 36. There are six points set forth in appellant's statement of points relied upon on the appeal. We find it necessary to discuss only the first and second points, which relate to the refusal of the trial court to (1) grant a motion for a mistrial and (2) grant a motion for new trial, both motions being based upon the statement of respondents' counsel to the jury in his opening statement relative to his clients' lack of liability insurance coverage.

On July 6, 1950, Carol King, who subsequently married Robert Gaddis, was employed by respondents to work on their farm during the haying season. While working on a hay baling machine, she was somehow precipitated into the moving parts of the machinery and suffered very severe injuries. The complaint which instituted this action alleged that these injuries were proximately caused by the defendants' negligence.

On March 18, 1952, this case came on for trial. Before the jury was empaneled, counsel for both parties appeared before the trial judge in his chambers for the purpose of disposing of certain preliminary matters. Appellant's attorneys moved to have Ruby King appointed guardian *ad litem* for Robert Gaddis and for permission to have the jury view the hay baling machine. These motions were granted. Respondents' counsel moved to add a fourth affirmative defense to their answer, and this motion was also granted.

The following then occurred:

"MR. GAVIN: One other item. There is evidently going to be an issue, and I think it is proper to suggest it to Your Honor at this time. We will take the position that it will be improper for the defense to show anything of the defendants' financial condition. THE COURT: That is not an element. MR. GAVIN: Or particularly whether they are covered by insurance or not. THE COURT: Neither of those have any place in the thing. MR. GAVIN: If it was made an issue we would be compelled to move for a mistrial and we don't want to do it. THE COURT: Their financial condition is no part of this case. That has no bearing here. MR. HUTCHESON: We don't think there is any motion of that kind made at this time. THE COURT: There is no harm done talking about it, but we don't want it in the case at all."

Immediately thereafter, a jury was selected, and the trial commenced. After appellant's counsel made his opening statement, counsel for respondents then made his opening statement. Near the end of that statement he said:

"The testimony will show that the defendants here—they are suing among other things for medical expenses. The testimony will show that the defendants have paid almost all the plaintiff's hospital and medical expenses that were incurred in Goldendale. *The defendants have no insurance here—*" (Italics ours.)

He was then interrupted by appellant's counsel, who objected to the statement. The court twice stated that the remark was objectionable and instructed the jury to disregard the statement of counsel. Respondents' counsel then continued his statement and concluded without any further reference to the matter of insurance.

As soon as the opening statements were completed, counsel again retired to the judge's chambers, where appellant's counsel moved for a mistrial on the ground that respondents' counsel had mentioned to the jury that respondents were not covered by insurance in this case, and that under the circumstances the remark was improper and prejudicial and could not be cured by an instruction to disregard it. The judge heard arguments from both sides, and then ruled that, while the remark was improper and "absolutely uncalled for," it was not prejudicial, since he had promptly admonished the jury to disregard the statement and in his opinion they would do so. He then denied the motion for a mistrial, and appellant assigns this ruling as error.

This incident was also one of the grounds stated in appellant's motion for new trial, which was denied. This ruling is likewise assigned as error.

█ The rule is well established in this jurisdiction that in personal injury cases the fact that the defendant carries liability insurance is entirely immaterial, and the deliberate or wanton injection of this matter into the case by plaintiff is ground for reversal. *Iverson v. McDonnell,* 36 Wash. 73, 78 Pac. 202; *Lowsit v. Seattle Lumber Co.,* 38 Wash. 290, 80 Pac. 431; *Stratton v. Nichols Lumber Co.,* 39 Wash. 323, 81 Pac. 831; *Westby v. Washington Brick, Lime & Mfg. Co.,* 40 Wash. 289, 82 Pac. 271; *Birch v. Abercrombie,* 74 Wash. 486, 133 Pac. 1020, 135 Pac. 821; *Shay v. Horr,* 78 Wash. 667, 139 Pac. 604; *Lucchesi v. Reynolds,* 125 Wash. 352, 216 Pac. 12.

█ Where the fact that the defendant is covered by insurance is brought before the jury inadvertently and it appears that neither the attorney nor the witness connected with the case deliberately, willfully or collusively injected such fact into the case in the presence of the jury, a mistrial will not be granted. *Armstrong v. Yakima Hotel Co.,* 75 Wash. 477, 135 Pac. 233; *Quon v. Furuya Co.,* 81 Wash. 526, 143 Pac. 99; *Jensen v. Schlenz,* 89 Wash. 268, 154 Pac. 159; *Heath v. Stephens,* 144 Wash. 440, 258 Pac. 321; *Child v. Hill,* 149 Wash. 468, 271 Pac. 266; *Hughes v. Wallace,* 6 Wn. (2d)

396, 107 P. (2d) 910; *Williams v. Hofer,* 30 Wn. (2d) 253, 191 P. (2d) 306, and cases cited.

"The gravamen of the offense is not in the disclosure of a collateral fact, but in the manner of its disclosure, that is, the misconduct of counsel." *Jensen v. Schlenz, supra; Williams v. Hofer, supra.*

The question whether a defendant can deliberately inject into a personal injury case the fact that he has no insurance, has never before been directly presented to this court.

█ In other jurisdictions the rule is that where, as here, nothing has been done or said from which the jury might infer that defendant is protected by liability insurance, it is improper for defendant to show that he does not have insurance protection. *Socony Vacuum Oil Co. v. Marvin,* 313 Mich. 528, 21 N. W. (2d) 841; *Brown v. Murphy Transfer & Storage Co.,* 190 Minn. 81, 251 N. W. 5; *Piechuck v. Magusiak,* 82 N. H. 429, 135 Atl. 534; *Bacon v. Wass,* 200 Okla. 581, 198 P. (2d) 423. Indeed, some courts have even excluded evidence that the defendant is not insured although there is already evidence in the case from which it may be inferred that he is insured. *Avent v. Tucker,* 188 Miss. 207, 194 So. 596; *Davis v. Underdahl,* 140 Ore. 242, 13 P. (2d) 362; *Wilbur v. Tourangeau,* 116 Vt. 199, 71 A. (2d) 565. The reason evidence that the defendant is not covered by insurance is excluded by the courts is that it is immaterial and does not pertain to any issues in the cases.

We believe that these decisions from other jurisdictions adequately dispose of respondents' contentions, as set forth in their brief in this court, to the effect that it was entirely proper for their counsel to inject the fact that they had no liability insurance coverage in this case.

The only decision of this court cited by respondents to show that the remark was proper is *Colvin v. Auto Interurban Co.,* 132 Wash. 591, 232 Pac. 365, wherein this court said:

"It may be true that the insurance company was liable in this instance for only $5,000; if so, the appellant had a perfect right to show that fact."

Respondents argue that, "since that was proper, certainly it was proper here for defendants' counsel to casually inform the jury in the opening statement that they had no insurance."

A careful reading of that case does not support this argument. In that case, plaintiff had stopped his truck partly upon a highway to examine his load, which he thought was slipping, and to check on an engine knock. His tail light was burning. He was standing alongside the hood when defendant's stage ran into the rear of his truck, pushing it over upon him and injuring him seriously. Plaintiff sued to recover for his personal injuries, and the jury returned a verdict in his favor. The defendant appealed. In discussing the first assignment of error, this court said:

"When appellant's attorney was cross-examining one of the respondent's witnesses, who had previously testified that he had distinctly seen the tail light on the truck, he was asked whether he had not told a man by the name of Gordon that he did not see the tail light. On redirect examination the attorney for the respondent asked the witness whom Gordon said he represented, and the witness answered that he said he represented an insurance company. The appellant's first assignment of error is based on this incident, claiming that, under *Jensen v. Schlenz,* 89 Wash. 268, 154 Pac. 159, and *Lucchesi v. Reynolds,* 125 Wash. 352, 216 Pac. 12, the conduct of respondent's counsel requires the granting of a new trial. If necessary to the disposition of this case, we would be disposed to hold that the claimed error does not come within the spirit of the cases cited; but we think they are not controlling here. Our statutes provide that a stage carrying persons for hire must have insurance, and in the case of *Devoto v. United Auto Transportation Co.,* 128 Wash. 604, 223 Pac. 1050, we held that, in a suit of this character, the plaintiff may join the insurance company with the stage owner as one of the defendants. In other words, the jury was bound to know that the stage in question carried insurance, and the fact that that information was brought out by the examination of a witness could not be prejudicial error. It may be true that the insurance company was liable in this instance for only $5,000; if so, the appellant had a perfect right to show that fact."

It will thus be seen that the language in the last sentence above quoted, relied on by respondents, was only *dictum.*

since it was not pertinent to the actual holding of the case, to wit: that it was not prejudicial error for plaintiff's attorney to bring out the fact that the stage in question carried insurance where the jury was already bound to know that fact.

In its memorandum opinion denying the motion for new trial in this case, the trial court said:

"Under the decision cited the opinion in the majority of cases lay down the rule that the fact of insurance or lack of insurance can have no bearing on the issues raised in a case like the one before us. To tell the jury that his clients had no insurance could have had but one purpose and effect, viz. to convey the thought that the defendants were poor men, and that it would be too bad to make uninsured men pay. Counsel must have known that evidence of such character would be a form of an inadmissible plea of poverty.

"Whether what was said by counsel requires the granting of a new trial, or whether it was cured by the action of the court in striking the statement, presents a problem of some difficulties. It may well be that where counsel wilfully attempts to impress the jury that a defendant has no liability insurance should be punished by the granting of a new trial, but we do not feel that such punishment should be inflicted here.

"Here the statement was stricken; there was no repetition of same; we do not believe the case was a close one on its facts; and there is no ground for believing that the statement made reflected into the verdict rendered."

We agree with the reasoning of the trial court as to the purpose and effect of counsel's statement. However, the question for us to decide is not whether such statement warrants "punishment" by the granting of a new trial, but whether the statement influenced the verdict of the jury or was cured by the instruction to disregard it.

We cannot agree with the trial court that there is no ground for believing that the statement was reflected in the verdict of the jury, nor do we believe, as argued by respondents, that the statement was not prejudicial because it merely resulted in having the jury decide the case on the merits without regard to insurance. In answer to a similar argument, the supreme court of New Hampshire in the case of *Piechuck v. Magusiak, supra,* said:

"One difficulty with this argument is that it does not appear that the jury may not have made other use of the fact. They may have thought that it would be too bad to make an uninsured man pay. The evidence is a form of the inadmissible plea of poverty. . . .

"As the case stands, immaterial evidence, which may or may not have been used for a legally harmful purpose, was put before the jury for their consideration. In such a situation the verdict must be set aside. That incompetent evidence may be used for a harmless purpose does not render its admission harmless error when the evidence is also susceptible of a legally harmful use.

"The correct procedure is to exclude all reference to insurance at these trials. The fact of insurance may incidentally and unavoidably appear. But even this should not be permitted on slight grounds or for specious reasons. The whole subject is foreign to the issue to be tried, and its introduction, even incidentally, should be avoided whenever it is practicable to do so."

Respondents cite two later New Hampshire cases (*Dimarco v. Smith,* 90 N. H. 378, 9 A. (2d) 512, and *Fine v. Parella,* 92 N. H. 81, 25 A. (2d) 121) and claim that the supreme court of that state has distinguished its previous decision in the *Piechuck* case. However, in the last paragraph of the *Fine* case that court said:

"*The rule in Piechuck v. Magusiak, supra, remains in force.* The case was decided in 1926 and the general increase of motor vehicle liability insurance since then as matter of common knowledge might serve to make evidence of it less likely to provoke prejudice. But the converse of evidence of no insurance is so interrelated with that of carriage of insurance that the evidence in either situation ought not to be unnecessarily received. It remains as immaterial with some chance of its use for 'a legally harmful purpose' (*Piechuck v. Magusiak, supra,* 431). *It does no good and may do harm.*" (Italics ours.)

The deliberate reference to the fact that respondents carried no insurance, made in the presence of the jury and in violation of the court's previous ruling that such information had no part in the case, was improper, and the prejudicial effect was not eradicated by the prompt action of the trial judge, who instructed the jury to disregard it. For this

reason, the trial judge was in error in refusing to grant the motion for mistrial and in subsequently denying the motion for a new trial.

The other matters assigned as error are not likely to recur on a retrial and need not be discussed.

Reversed and remanded, with directions to grant appellant a new trial.

GRADY, C. J., SCHWELLENBACH, HAMLEY, and FINLEY, JJ., concur.

---

October 19, 1953. Petition for rehearing denied.

[1]Reported in 260 P. (2d) 355.